Opinion by
Mr. Justice Sutton.
*429 Plaintiff in error, as plaintiff in the trial court, sought both damages and a restraining order against the City of Brush concerning certain real property allegedly taken by the City; certain allegedly improperly assessed improvement district charges and other related matters.
Upon trial to the court Ray was successful in her claim for damages for the parcel of property taken, but dissatisfied with the amount awarded her. According to various comments and rulings of the trial court during the trial she was unsuccesful as to her other claims. She is here by writ of error seeking reversal.
A review of the record following oral argument in this court discloses that the only purported conclusion to the case in the trial court, as far as this writ of error is concerned, is a document labelled “ORDER OF COURT” dated October 10, 1961, which states in pertinent part the following:
“* * * judgment is ordered entered on the issues heretofore tried between the Plaintiff and the Defendants hereinbefore announced.
“THE COURT FINDS that motion for new trial is unnecessary, and 60 days is granted within which to lodge the Reporter’s Transcript.”
“DONE THIS 10th day of October, A. D. 1961.”
The announcements referred to as we find them in the record consist of the following:
1. A specific finding on Ray’s first claim that she had title to certain land taken by the defendant for street purposes and that she is entitled to $500.00 plus costs as a result of the taking;
2. Recognition of the express dismissal by stipulation of a third party complaint by the defendant city against the Millers, which is not in issue here; and,
3. Statements and comments by the trial court on the other issues as they were heard; in some cases it overruled motions and in others it stated it found for one of the parties.
*430 Nowhere in this record do we find a compliance with R.C.P. Rule 52 (a) which requires that at the conclusion of an action tried upon the facts without a jury “the court shall find the facts and state its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action.”
As far as the matters sought to be reviewed here are concerned none of the remarks and rulings during the trial can be said to constitute a judgment contemplated by Rule 52, and they are not metomorphosed into the required form by the order above quoted. See Mowry v. Jackson, 140 Colo. 197, 343 P. (2d) 833 (1959).
It is the duty of the trial court to see that a final judgment supported by findings of fact and conclusions of law is entered in each case heard and decided by it so that on writ of error this court can be fully advised as to the complete results of the trial. There being no such judgment in the instant case the writ of error must be dismissed and it is so ordered.
Mr. Justice Moore and Mr. Justice McWilliams concur.