633 P.2d 1237

**Nel DE LAO, Plaintiff-Appellant,**

v.

**Cecil GARCIA and Leo R. Romero, Sr., Defendants-Appellees.**

**No. 4986.**

Court of Appeals of New Mexico.

Aug. 11, 1981.

N. Tito Quintana, Albuquerque, for plaintiff-appellant.

William D. Diaco, Albuquerque, for Garcia.

Leo R. Romero, pro se.

OPINION

SUTIN, Judge.

On May 21, 1980, a jury verdict in favor of defendants was entered. On July 28, 1980, plaintiff moved to set aside the verdict because "No judgment on said verdict has as yet been entered although more than sixty days have elapsed from the date the verdict was returned and entered." The motion was denied. Judgment in favor of defendants was entered on November 3, 1980 and plaintiff appeals.

Plaintiff's motion was based upon Rule 36(e) of the Court Rules of the Second Judicial District. It reads:

> Subject to New Mexico Rules of Civil Procedure 52(b), all orders, judgments and decrees shall be filed within ten (10) days of decision. The prevailing party shall be responsible for such filing, and if the approval of opposing counsel cannot be obtained by the 10th day, prevailing counsel shall, no later than the 10th day, request a setting for a hearing before the trial judge. At the hearing, counsel shall submit their proposed order of judgment to the Court.

This rule does have the force and effect of law, *Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978), but this rule applies only to "decisions" of the trial court in cases tried before the court. It has no application to verdicts rendered by a jury.

Plaintiff relies upon the statute and law of Montana. The statute provides that an action may be dismissed by the court after verdict if "the party entitled to judgment neglects to demand and have the same entered for more than six months." *Carnegie Nat. Bank v. City of Wolf Point*, 110 F.2d 569 (9th Cir. 1940). This statute is not comparable with Rule 36(e).

"Entry of judgment" is governed by Rule 58 of the Rules of Civil Procedure. It reads:

Judgment shall be entered when the court so directs. In all cases where the court has directed entry of judgment counsel for the prevailing party shall prepare the form of judgment in accordance with the direction of the court and the judge shall promptly settle, approve and sign the form of judgment which shall thereupon be filed in the clerk's office and the filing of such judgment, signed by the judge, constitutes the entry of such judgment, and no judgment shall be effective for any purpose until the entry of the same, as hereinbefore provided.

No time limitation is expressed in the rule, including the time between the entry of a jury verdict and the entry of judgment. Absent statute or rule of court, judgment may be entered on a verdict or decision at anytime thereafter, and a party is entitled to have a judgment so entered unless the lapse of time is unreasonably great, some independent right has intervened, or the court has lost jurisdiction. *Industrial Loan & Thrift Corporation v. Benson*, 221 Minn. 70, 21 N.W.2d 99 (1945); *Cahn v. Schmitz*, 56 Ariz. 469, 108 P.2d 1006 (1941); *State ex rel. Eilers Music House v. French*, 100 Wash. 552, 171 P. 527 (1918). "Mere delay does not work a loss of jurisdiction to render or enter a judgment." *Wallace Grain & Supply Co. v. Cary*, 374 Ill. 57, 28 N.E.2d 107, 108 (1940).

The entry of judgment is a ministerial act, and the validity of the judgment is not affected by delay or omission in entering judgment. *Fleming v. Clark Township of Chariton County*, 357 S.W.2d 940 (Mo.1962); *Williams v. Wyrick*, 151 Tex. 40, 245 S.W.2d 961 (1952).

Affirmed. Plaintiff shall bear the costs of this appeal.

IT IS SO ORDERED.

HERNANDEZ, C. J., and WALTERS, J., concur.