In re Howard Albert BASSETT, Jr., a/k/a Howard A. Bassett, a/k/a Howard Bassett, d/b/a Auto Parts Company, Debtor.

Walter F. BROWN, Applicant,

v.

Howard A. BASSETT, Jr., Respondent.

Bankruptcy No. 86 B 04318 M.

United States Bankruptcy Court, D. Colorado.

May 28, 1987.

Dan Ray Martin, Fort Collins, Colo., for debtor.

Gregory S. Bell, Bell & Stirman, P.C., Fort Collins, Colo., for applicant.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on May 19, 1987, on the Motion For Relief From Stay filed by Walt Brown.

On April 23, 1986, *nunc pro tunc* April 16, 1986, the state court entered its Findings of Fact, Conclusions of Law and Order in a case between the Debtor and Mr. Brown. (See Exhibit 1).

In July, 1985, Brown and Bassett entered into a contract for the purchase of certain real property. It was not the usual vendor-vendee situation. The Debtor wanted to purchase from a third party two pieces of real property in Fort Collins, Colorado— one on South College Ave. and one on South Remington Street. Brown also had an interest in purchasing the South College property. Accordingly, the parties entered into an agreement which would result in Brown being the ultimate purchaser of both properties through the Debtor. Brown was to pay the entire purchase price for both properties but would convey the Remington property to the Debtor and pay the Debtor $6,000.00. The Debtor later refused to consummate the transaction and the state court, in its April, 1986 Order, granted Brown specific performance on the parties' contract directing the Debtor to assign his interests in the contracts by which he purchased the properties to Brown, and for both parties to otherwise comply with their agreement. The Debtor then filed a Chapter 13 petition in bankruptcy on May 16, 1986. The case was later converted to Chapter 11.

The Debtor asserts that the agreement between the parties is an executory contract and that since he has not assumed that contract within 60 days, under 11 U.S.C. § 365(d)(1), the contract is deemed rejected. However, that 60 day period only applies in Chapter 7 cases. This case has been either in Chapter 13 or Chapter 11, and in that event the Debtor must take some affirmative act to reject an executory contract under 11 U.S.C. § 365(d)(2).

The issue is whether a contract for the purchase and sale of real property which is buttressed by an order for specific performance entered pre-petition is an executory contract for purposes of § 365. Clearly, it is not. Judge Bentz in the case of *In re Pribonic*, 70 B.R. 596 (Bankr.W.D. Pa.1987), in a well reasoned opinion so held. In that case, the decision rested on the fact that in Pennsylvania vendees under a contract for the sale of real property become the equitable owners of the property under the doctrine of equitable conversion. This is also true in Colorado. *Konecny v. von Gunten*, 151 Colo. 376, 379 P.2d 158 (1963); *Devyer v. District Court, Sixth Judicial Dist.*, 188 Colo. 41, 532 P.2d 725 (1975). Also, it was important in the *Pribonic* case that under Pennsylvania's Rules of Civil Procedure, Rule 1529(b), if a party fails to perform an act ordered by the court, such as signing a deed, the court can order the prothonotary or sheriff to execute the document. So too, in Colorado. *See* Colo.R. Civ.P. Rule 70.

Thus, Colorado law being the same as Pennsylvania law on these issues, Judge Bentz's analysis in *Pribonic, supra,* would apply in this case was well. Therefore, I find that the contract between the parties, supplemented by the state court order for specific performance, is not an executory contract that can be rejected under § 365.

Brown seeks relief from stay to apply for relief from the state court under Colo.R. Civ.P., Rule 70. I find there is cause, under § 362, to grant the relief requested. It is, therefore,

ORDERED that the within Motion is granted.