**In re HIGH COUNTRY RESORTS, Debtor.**

**Bankruptcy No. 11–87–02357 MA.**

United States Bankruptcy Court, D. New Mexico.

Dec. 7, 1988.

Daniel J. Behles, Albuquerque, N.M., for debtor.

Deborah Rupp Goncalves, Albuquerque, N.M., for Wollen.

Kelley L. Skehen, Albuquerque, N.M., for partners.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEBTOR'S MOTION TO REJECT EXECUTORY CONTRACTS

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on debtor's motion to reject executory contracts. Having considered the arguments of counsel, and having taken judicial notice of the pleadings in this case as well as the related removed state court proceeding, and being otherwise fully informed and advised, the Court finds that the motion is not well taken.

FACTS

Debtor seeks to reject two contracts it entered into in 1984 for the purchase of condominiums in Pagosa Springs, Colorado. The contracts, attached as exhibits to the motion, are both entitled "Real Estate Contract" and contain substantially identical terms. Paragraph 5 deals with the seller's rights in the event of default:

c. Purchaser's Failure to Cure Default Results in Termination of Contract or Acceleration of Entire Unpaid Balance. If the Purchaser fails or neglects to cure any default within twenty (20) days after the date Sellers' default notice is mailed, then the Sellers may, at their option either declare the whole amount remaining unpaid to be then due, and proceed to enforce payment of the entire remaining unpaid balance, plus any accrued interest, together with reasonable attorney's fees or they may terminate Purchaser's rights to the Property and

retain all sums paid as liquidated damages to that date for the use of the property, and all rights of Purchaser in the Property shall thereupon end. If the final day for curing the default shall fall on a Saturday, Sunday, or non-business day, then the period for curing the default shall extend to the close of business on the next regular business day.

The debtor defaulted in its payments under both contracts and on October 8, 1986 the sellers filed a "Complaint for Debts and Monies Due" against the debtor and its two general partners (in their individual and partnership capacities) in the Second Judicial District Court, Bernalillo County, New Mexico. An answer was filed and discovery proceeded. Trial was had on August 11, 1987. On August 28, 1987 District Judge Frederick Mowrer wrote a letter to the parties rendering his decision:

> After considering the evidence, arguments of counsel, and reviewing the exhibits, the court now finds for the plaintiffs and against the defendants for the sum due under the Real Estate Contracts.
>
> It is clear from the evidence that the plaintiffs had a right to accelerate the payments due on the contract in the event of default.

Judge Mower filed a copy of the letter in the court record. In the letter he also requested proposed findings of fact and conclusions of law by September 11, 1987, which the parties filed. On October 8, 1987 Judge Mowrer filed his "Court's Findings of Fact and Conclusions of Law", concluding:

> .        .        .        .        .
>
> 4. The acceleration clause in the real estate contracts are valid and the plaintiffs properly executed this alternative for accelerated payments.
>
> .        .        .        .        .
>
> 7. Pursuant to the terms of both real estate contracts and the June 2, 1986 note, plaintiffs are entitled to judgment against defendants, jointly and severally, in the amount of $155,750.39, and to interest thereon at the legal rate from August 15, 1987, and to their costs.

> 8. Plaintiffs should deliver the Warranty Deeds to the units to the Clerk of the Court to be held subject to order of the court, and for delivery to defendants upon their payment of the judgment to be entered herein.

A hearing for presentment of judgment was scheduled for November 19, 1987. An involuntary bankruptcy petition was filed against the debtor on November 18, 1987, preventing that hearing.

CONCLUSIONS OF LAW

Under New Mexico law entry of judgment is only a ministerial act. *De Lao v. Garcia*, 96 N.M. 639, 640, 633 P.2d 1237, 1238 (Ct.App.1981). In this case the state district judge had rendered his decision in a letter ruling and supplemented that decision with written findings of fact and conclusions of law. All that remained was the entry of judgment. The rights and duties of the parties had been decided. The findings and conclusions are, in substance, a judgment for plaintiffs against the defendants.

After a judgment has been rendered on a contract it is no longer executory. *See, e.g. Roxse Homes, Inc. v. Roxse Homes Limited Partnership*, 83 B.R. 185, 187 (D.Mass. 1988); *In re Carver*, 71 B.R. 20, 22 (D.S.D. 1986); *Kendall Grove Joint Venture v. Martinez-Esteve*, 59 B.R. 407, 409 (S.D. Fla.1986); *In re Bassett*, 74 B.R. 361, 362 (Bankr.D.Colo.1987). Therefore, the Court concludes that the real estate contracts in this case are no longer executory. Not being executory, they may not be rejected.

An appropriate order shall enter.