855 P.2d 556

### STATE of New Mexico, Plaintiff–Appellant,

v.

### Monroe RATCHFORD, Defendant–Appellee.

### No. 20592.

Supreme Court of New Mexico.

June 3, 1993.

Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for appellant.

Albert J. Rivera, Alamogordo, Cindi L. Pearlman, Tijeras, for appellee.

1. Pursuant to NMSA 1978, § 34–5–14(C)(2) (Repl.Pamp.1990) (Supreme Court has appellate jurisdiction in matters appealed to Court of Appeals if Court of Appeals certifies that matter involves issue of substantial public interest that should be determined by Supreme Court). The statute provides that such a certification is "a final determination of appellate jurisdiction."

### OPINION

MONTGOMERY, Justice.

The New Mexico Court of Appeals certified this appeal to us,[1] stating in its order of certification that resolution of the issue on appeal "involves a question of significant public importance and certification of the issue is the most expedient and efficient disposition." As framed by the Court of Appeals, the issue is: "[U]nder what circumstances does a trial court have jurisdiction to grant a new trial in a criminal case when the written order is not filed within thirty days of the motion[?]"[2]

The jurisdictional issue certified by the Court of Appeals arises because of the State's insistence, here and in the Court of Appeals, that the trial court lacked jurisdiction to grant defendant's motion for a new trial because the trial court's action—its "grant" of defendant's motion—did not occur until more than thirty days had passed after filing of the motion. The State's position in this respect is necessarily predicated on its further position that the trial court's oral ruling granting the motion, *before* thirty days had passed from the date the motion was filed, was ineffective as a grant of the motion, so that the court had no jurisdiction to enter the written order once the thirty days had passed.

In our view, the trial court's jurisdiction to grant a new trial was not diminished by the rule on which the State relies, Rule 5–614(C) of our Rules of Criminal Procedure (quoted below). That rule provides that a motion for a new trial is automatically denied if it is not granted within thirty days from the date it is filed. We hold that a trial court's oral ruling granting a motion for new trial satisfies the requirement in Rule 5–614(C) that the court grant the motion within thirty days after the motion is filed to avoid the consequence of an automatic denial if it does not. So holding, and

2. The Court of Appeals' certification order states that a second issue was raised by the appeal: the propriety of the trial court's issuance of an order *nunc pro tunc* granting defendant's motion for new trial while the case was on appeal. As explained below, we find it unnecessary to pass upon the validity or propriety of the *nunc pro tunc* order.

finding the State's other grounds for appeal without merit, we affirm the trial court's order granting a new trial and remand for further proceedings.

## I.

On June 4, 1990, defendant was convicted by a jury of criminal sexual contact of a minor. He timely filed a motion for a new trial on June 8, 1990.[3] The trial court heard and orally granted defendant's motion at a hearing on July 3, 1990. The court subsequently entered a written order granting the motion on August 3, 1990.

In its order, the trial court recited that the motion had been heard on July 3 and found, reiterating most of its oral findings as made at the hearing, that defendant's conviction was the product of "fundamental and cumulative error, including but not limited to the following:"

(1) The State had been guilty of prosecutorial misconduct in its closing and rebuttal arguments because the prosecutor had expressed his own opinion as to the truthfulness of witnesses, had referred to matters outside the evidence, had asked the jury to consider the consequences of its verdict, had invited the jurors to put themselves in the place of the child, and had implied that acquittal of defendant would require conviction of a police officer witness of perjury and of falsifying police reports.

(2) The court had allowed a juror, who said he could not sit fairly on the case, to remain on the panel.

(3) The jury had been repeatedly advised of a videotaped interview of the child, but the videotape was never introduced.

(4) The evidence supporting the conviction was weak, consisting only (in addition to the child's testimony) of unreliable testimony by the police officer concerning an obliquely inculpatory statement by the defendant.

(5) A victim-impact study ordered by the court following the trial revealed additional inconsistencies and contained an opinion that the child was not suffering from trauma associated with sexual abuse.

On August 30, 1990, the State appealed to the Court of Appeals from the trial court's August 3 order granting defendant a new trial.[4] In its docketing statement, the State challenged the court's grounds for granting a new trial. The Court of Appeals responded with a calendar notice proposing summary affirmance of the order granting a new trial, on all but one of the grounds relied on by the trial court. Generally, the Court of Appeals' calendar notice noted that a trial court has broad discretion in granting or denying a motion for a new trial and that an order granting a new trial will not be reversed absent a clear and manifest abuse of that discretion, citing *State v. Gonzales*, 105 N.M. 238, 731 P.2d 381 (Ct.App.1986), *cert. quashed*, 105 N.M. 211, 730 P.2d 1193 (1987).

The State responded with a memorandum in opposition, raising for the first time the argument that eventually led to the Court of Appeals' certification to this Court: that the trial court had lost jurisdiction to grant defendant's motion for a new trial by virtue of the automatic denial provision in Rule 5–614(C). In its memorandum, the State did not challenge any of the grounds on which the trial court had relied in granting a new trial; in fact, the State admitted that it probably could not "carry the burden of demonstrating a clear and manifest abuse of discretion by the district court." The memorandum moved to amend the docketing statement to raise the jurisdictional issue; and the Court of Appeals, in a second calendar notice, granted the motion and proposed summary reversal.

Defendant then brought the proposed summary reversal to the trial court's atten-

---

**3.** Pursuant to SCRA 1986, 5–614(C) (Repl.Pamp.1992) (motion for new trial shall be made within 10 days after verdict or finding of guilty or within such further time as court may fix during the 10–day period).

**4.** According to *State v. Chavez*, 98 N.M. 682, 683, 652 P.2d 232, 233 (1982), the State has the right to appeal from an order granting a new trial in a criminal case. Nothing in this opinion either reaffirms or draws into question this holding in *State v. Chavez*.

tion, whereupon the court entered an order granting a new trial *nunc pro tunc* as of July 3, 1990, or alternatively requesting remand for that purpose. The court noted that defendant's motion had been orally granted from the bench on July 3, 1990; that defendant had not received a fair trial; and that the court was convinced that had defendant received a fair trial he would not have been convicted. The court continued that judicial economy, as well as justice, required entry of a written order formalizing the oral order *nunc pro tunc*; that judgment and sentence had not yet been entered; and that, had they been, defendant could appeal and the appeal "would most likely result in a new trial due to the unfairness of the trial defendant received." The State promptly appealed from this second order, and the Court of Appeals considered the two appeals together, thereby effectively consolidating them.

The Court of Appeals then issued a third calendar notice, reassigning the case to the general calendar and ordering full briefing. In its briefs, the State argued only the validity of the order granting a new trial (as allegedly having exceeded the court's jurisdiction) and the propriety of the later *nunc pro tunc* order. The Court of Appeals then certified the case to this Court as set out in the introduction to this opinion.

## II.

Rule 5–614(C) reads in pertinent part: "If a motion for new trial is not granted within thirty (30) days from the date it is filed, the motion is automatically denied." SCRA 1986, 5–614(C) (Repl.Pamp.1992). Whatever may be the jurisdictional effect of failures to comply with time requirements in other rules (or, for that matter, in this particular rule), it is apparent that the first question to be answered, before a jurisdictional question is even reached, is whether a court or a party has failed to comply with an applicable time requirement. As applied to the present case, this means that we must first determine whether the trial court did or did not "grant"

defendant's motion for new trial within thirty days from the date it was filed.

In its certification to this Court, the Court of Appeals stated that defendant's position—that the trial court's oral ruling of July 3, 1990, constituted a grant of his motion—sought expansion of the plain meaning of Rule 5–614(C) and a ruling that the rule's automatic denial provision was a housekeeping rule and not jurisdictional. The Court of Appeals cited *Lovelace Medical Center v. Mendez*, 111 N.M. 336, 805 P.2d 603 (1991), in which this Court held that the "deemed denied" provision of our statute governing interlocutory appeals (NMSA 1978, Subsection 39–3–4(B) (Repl.Pamp.1991)) was not jurisdictional, but was a mere "housekeeping" rule designed to assist courts in managing their cases.

We agree with the Court of Appeals that this case presents a question of substantial public interest, but we disagree that the case requires us to determine whether the automatic denial provision of Rule 5–614(C) is either jurisdictional or a *Lovelace*-type housekeeping rule. On the contrary, because we find that the trial court's oral ruling constituted a grant of defendant's motion within the meaning of Rule 5–614(C), it is unnecessary for us to consider any jurisdictional issue (or, as stated *supra* at note 2, the propriety of the *nunc pro tunc* order).

## III.

The State argues that the trial court's oral ruling "was not a timely, legally effective order that would comply with Rule 5–614." To support its argument, the State relies on several cases from this Court and the Court of Appeals holding oral rulings ineffective for various purposes: *Smith v. Love*, 101 N.M. 355, 356, 683 P.2d 37, 38 (1984) (appeal does not lie from an oral ruling); *State v. Page*, 100 N.M. 788, 793, 676 P.2d 1353, 1358 (Ct.App.1984) (oral ruling is ineffective to adjudge defendant incompetent to stand trial); *State v. Sanders*, 96 N.M. 138, 142, 628 P.2d 1134, 1138 (Ct.App.1981) (oral ruling is ineffective to deprive defendant of custody of child); and

*State v. Rushing*, 103 N.M. 333, 334, 706 P.2d 875, 876 (Ct.App.) (court had authority to change orally pronounced sentence before entry of written judgment and sentence), *cert. denied*, 103 N.M. 344, 707 P.2d 552 (1985).

While these cases have held various oral rulings to be ineffective, they do not compel a holding that the oral ruling in the present case was ineffective as a "grant" under Rule 5–614(C). None of the cases cited by the State involves the issue of whether an oral pronouncement constitutes a ruling for the purpose of deciding whether a motion or petition is automatically denied by operation of law. Rather, the cases hold oral pronouncements ineffective for other purposes, such as for triggering the time period for filing a notice of appeal.

It is true that various statements, in other contexts, by both this Court and the Court of Appeals suggest that a trial court's oral ruling is ineffective for any purpose, except perhaps as an indicator of what the trial court may eventually do in a written order. *See, e.g., State v. Morris*, 69 N.M. 89, 91, 364 P.2d 348, 349 (1961) ("An oral ruling by the trial judge is not a final judgment. It is merely evidence of what the court had decided to do but he can change such ruling at any time before the entry of a final judgment."); *State v. Page*, 100 N.M. at 793, 676 P.2d at 1358 ("The trial court's oral ruling ... was not legally effective as to the proceedings herein. Unless written, an oral ruling is merely evidence of what the trial court intends to do."). These statements, however, and others like them, must be read in the context of the decisions in which they were made. There is *no* New Mexico case of which we are aware holding that a trial court's oral ruling is ineffective for any purpose whatsoever except to provide evidence of what the trial court may or may not do in a written order to be entered later. Yet that is the position the State's argument on this appeal essentially advances. Never mind that the trial judge has convened a hearing in open court, on the record, to hear the parties' arguments on a duly filed motion, has listened to those arguments, and has made her ruling and given her reasons; all of this—the essence of an exercise of judicial power [5]—is (the State seems to be arguing) totally ineffective, a nullity. We reject any such extreme, formalistic position.

In some circumstances, it makes perfectly good sense to require a written, filed judgment. For example, we do not dispute the well-accepted principle, embodied in both our case law and Rules of Appellate Procedure, that an appeal lies only from a formal written order or judgment signed by the judge and filed with the court. *Love*, 101 N.M. at 356, 683 P.2d at 38; SCRA 1986, 12–201(A) (Repl.Pamp.1992). The purpose of this rule is to provide certainty as to the kind of judicial pronouncement that will support an appeal, *Malinou v. Kiernan*, 105 R.I. 299, 251 A.2d 530, 532 (1969); *State v. Birmingham*, 96 Ariz. 109, 111, 392 P.2d 775, 777 (1964) (en banc), and to provide the appellate court with a complete, certain record of the trial court's judgment, *see Ray v. City of Brush*, 152 Colo. 428, 383 P.2d 478, 479 (1963). *See generally* 4 C.J.S. *Appeal & Error* § 165 (1957 & Supp.1992) (compiling cases that require entry of judgment or order as prerequisite to appeal). Thus, the rule promotes meaningful appeals.

In contrast, requiring that a ruling be written or filed to constitute a "grant" under Rule 5–614(C) would frustrate, rather than promote, the purposes of the rule. The purpose of the thirty-day time requirement in the rule is to encourage, and perhaps require, courts to rule on a posttrial motion for a new trial within a relatively short period of time, while the court's and the parties' memories of the events at trial are fresh, so that the motion can be disposed of more satisfactorily than if a lengthy period elapsed between completion of the trial and disposition of the motion. *Cf. State v. Peppers*, 110 N.M. 393, 397, 796 P.2d 614, 618 (Ct.App.) (purpose of time limits for filing and disposing of motions

---

5. *See Maples v. State,* 110 N.M. 34, 39, 791 P.2d 788, 793 (1990) (Montgomery, J., dissenting)

("The essence of judicial power is adjudication....").

under NMSA 1978, §39–1–1 (Repl.Pamp.1991)), *cert. denied*, 110 N.M. 260, 794 P.2d 734 (1990). That purpose was satisfied in the instant case.

As for the automatic denial provision of Rule 5–614(C), its purpose, or at least one of its purposes, is to assist courts with the management of their cases—that is, to provide courts with a mechanism for disposing of motions for a new trial when they are not acted on within a specified period of time. *Cf. Lovelace*, 111 N.M. at 340, 805 P.2d at 607 (one purpose of §39–3–4(B) is to provide courts with mechanism for disposing of interlocutory appeal applications when not acted upon within 20 days). If a court acts on a motion by granting it orally within the thirty-day period, as the court did in the present case, a holding that the motion is nevertheless automatically denied if the court does not file a written order within the specified period would not further the purpose of the provision; it would not assist the court in managing its case. To the contrary, it would impede the court's management of its case by effecting a denial of a motion for a new trial when the court had already orally announced that the motion would be granted.

Accordingly, we hold that, by orally granting a motion for a new trial within thirty days of the filing of the motion, a court "grant[s]" the motion within the meaning of Rule 5–614(C) and prevents automatic denial of the motion by operation of law.[6] At least two other state supreme courts considering this issue under provisions similar to Rule 5–614(C) have reached the same conclusion. In *In re Marriage of Forsberg*, 783 P.2d 283 (Colo.1989) (en banc), the Colorado Supreme Court held that a trial court, in orally ruling on all posttrial motions within the time (sixty

days) prescribed by the Colorado rules of civil procedure, precluded automatic denial of those motions by operation of law, even though the court did not sign and enter a written order until after the sixty-day period expired. The supreme court reasoned that the lower court, in orally ruling from the bench and entering a minute order, performed a judicial act and therefore "determined" the posttrial motions as required by the rule. *Id.* at 285.

Similarly, the California Supreme Court has held that a statutory provision providing for automatic denial of a motion for a new trial if not determined within a sixty-day period does not require filing or entry of the order within that period. The court explained:

> The language of [the relevant statute] indicates that, so long as the court "passes" on the motion within the sixty-day period, it has lawfully exercised its jurisdiction to determine the motion, and the filing of the formal order or findings and judgment "thereafter," when the time of filing is subsequent to the last day of the sixty-day period, does not amount to a denial of the motion by operation of law.

*Spier v. Lang*, 4 Cal.2d 711, 53 P.2d 138, 140 (1935) (in bank); *see also Willis v. Superior Court*, 214 Cal. 603, 7 P.2d 303, 304 (1932) (in bank) (same); *Holland v. Superior Court*, 121 Cal.App. 523, 9 P.2d 531, 535 (1932) (same).

The Texas Supreme Court reached a contrary conclusion in interpreting a Texas rule of civil procedure. The supreme court held that a motion for a new trial is overruled by operation of law unless the court issues a written, signed order within forty-five days as required by Texas procedure. *Reese v. Piperi*, 534 S.W.2d 329, 330–31

---

**6.** Our holding in no way affects the vitality of the oft-cited propositions that court comments from the bench cannot be substituted for material facts appearing as findings in a court decision, *e.g., Ulibarri v. Gee*, 106 N.M. 637, 640, 748 P.2d 10, 13 (1987); may be used only to aid in understanding a decision that is ambiguous, *id.*; and cannot be relied upon as a formal decision on which error may be predicated, *e.g., Barreras v. New Mexico Corrections Dep't*, 114 N.M. 366, 368, 838 P.2d 983, 985 (1992). These proposi-

tions appear in civil cases and are based on a rule of civil procedure stating that findings of fact or conclusions of law not embraced in a single, written document will be disregarded. SCRA 1986, 1–052(B)(1)(g) (Repl.Pamp.1992). Our Rules of Criminal Procedure contain no similar requirement, *see* SCRA 1986, 5–605(D) (Repl.Pamp.1992); and, even if they did, the requirement would not alter our holding, which pertains to a court's ruling on a motion, not its findings and conclusions.

(Tex.1976). It reasoned that an oral pronouncement could not prevent the automatic overruling of a motion because a court could otherwise extend the time for finally disposing of a motion "far beyond the period prescribed." *Id.*

We recognize that our holding leaves the door open to possible delays by trial judges in entering final orders disposing of motions for new trials. However, we do not agree with the Texas Supreme Court that courts can defer entry "far beyond" the prescribed time period. While our Rules of Criminal Procedure do not prescribe a time limitation for entry of an order,[7] we do not believe that the absence of such a limitation means that a trial court has an infinite or indefinite time to enter an order following announcement of its decision. On the contrary, a trial court should enter its order within some reasonable amount of time. *Cf. De Lao v. Garcia,* 96 N.M. 639, 640, 633 P.2d 1237, 1238 (Ct.App.1981) (Under Rules of Civil Procedure, "judgment may be entered on a verdict or decision at anytime thereafter, and a party is entitled to have a judgment so entered unless the lapse of time is unreasonably great, some independent right has intervened, or the court has lost jurisdiction."); *Hayes v. State,* 106 N.M. 806, 808, 751 P.2d 186, 188 (1988) (stating that court must rule on motion to reduce sentence within a reasonable time and suggesting 90 days as a reasonable amount of time) (now codified in SCRA 1986, 5–801(B) (Repl.Pamp.1992)).

If a trial court unreasonably delays entry of a written order formalizing a previous oral ruling, the remedy for such unreasonable behavior is not to punish the victorious litigant, whose motion has been granted, by pretending that the trial court never ruled and that the motion was therefore automatically denied.[8] Appropriate corrective action may be obtained from this Court through a writ of mandamus or some other exercise of our power of superintending control under Article VI, Section 3 of our Constitution. *See* 55 C.J.S. *Mandamus* § 76, at 133 (1948) (higher court, by mandamus, may require a final determination and disposition of a case within a proper and reasonable time). And there may well be other measures to enforce compliance with a trial court's duty to memorialize its oral ruling in a written order within a reasonable time. If the fault lies with counsel who does not comply with a court's direction to prepare and submit a proposed written order, the trial court has ample authority to ensure compliance with its directives.

In the present case, thirty-one days elapsed between the court's oral ruling and entry of its order. While we do not necessarily condone such a delay, we cannot hold that it was unreasonable as a matter of law. Accordingly, we hold that the trial court had jurisdiction to enter the final, written order on August 3, confirming its earlier oral ruling. *See Curbello v. Vaughn,* 76 N.M. 687, 687, 417 P.2d 881, 882 (1966) (trial court retains exclusive jurisdiction of a case until entry of a proper judgment or order).

## IV.

As previously indicated, the State all but abandoned its original grounds for appeal in the Court of Appeals, and it has not

---

7. The Rules of Criminal Procedure also prescribe no time limitation for entry of a judgment. *See* SCRA 1986, 5–701(A) (Repl.Pamp.1992) ("The judgment and sentence shall be rendered in open court and thereafter a written judgment and sentence shall be signed by the judge and filed.").

8. This was the situation in another case relied on by the State, *Chavez–Rey v. Miller,* 99 N.M. 377, 658 P.2d 452 (Ct.App.1982), *cert. denied,* 99 N.M. 358, 658 P.2d 433 (1983). There, *after entering judgment,* the trial court *failed to rule* within 30 days after defendant had filed a motion for a new trial or remittitur. A statute (NMSA 1978, § 39–1–1) provided that the court retained jurisdiction over a case for 30 days after entry of judgment, or for such further time as was necessary to rule on a motion attacking a judgment, but that any motion not ruled on within 30 days was denied by operation of law. The Court of Appeals held that the court's failure to rule on the motion within 30 days resulted in denial of the motion by operation of law and that the court thereafter lacked jurisdiction to enter an order granting remittitur. *Id.* at 379–81, 658 P.2d at 454–56. It is obvious that *Chavez–Rey* is altogether different from the case at bar.

pressed them here. In any event, we have reviewed the Court of Appeals' proposed disposition of the State's challenges to the trial court's ruling, as set out in the State's docketing statement and as responded to in the Court of Appeals' first calendar notice. Based on that review, we find no abuse of discretion by the trial court in granting defendant a new trial, for the reasons detailed in the court's oral ruling and subsequent written order, as the Court of Appeals proposed to uphold those reasons (except for the trial court's reliance on the posttrial victim-impact study) in its calendar notice.

Therefore, the order granting a new trial is affirmed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

BACA and FRANCHINI, JJ., concur.