**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-038**

**Filing Date:  March 2, 2009**

**Docket No. 27,951**

**STATE OF NEW MEXICO,**

>        **Plaintiff-Appellant,**

**v.**

**WILLIAM MARK ENLOW,**

>        **Defendant-Appellee.**


**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William A. McBee, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Mary A. Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**CASTILLO, Judge.**

**{1}**     The State appeals from an order of dismissal entered pursuant to the six-month rule, Rule 5-604(B) NMRA (2000) (amended 2007).  "The purpose of the six-month rule is to assure the prompt trial and disposition of criminal cases." *State v. Jaramillo*, 2004-NMCA-041, ¶ 9, 135 N.M. 322, 88 P.3d 264 (internal quotation marks and citation omitted).  At the same time, however, courts must "read the six-month rules with common sense and not to effect technical dismissals." *State v. Lucero*, 114 N.M. 460, 463, 840 P.2d 607, 610 (Ct. App. 1992).  With these principles in mind, we affirm and hold that the trial court properly

1

granted Defendant's motion to dismiss because he was not brought to trial within six months of the latest triggering event—the trial court's allowance of Defendant's oral plea withdrawal on September 11, 2006.

## I.   BACKGROUND

**{2}**    We begin with a summary of the events leading up to the dismissal of Defendant's case. Additional facts will be developed in the context of the issues discussed. On April 13, 2005, Defendant was charged by criminal information with seven counts of criminal exploitation of a minor and one count of criminal sexual contact with a minor. Initially, the case was resolved by Defendant's September 20, 2005, plea of no contest to fewer counts. He was sentenced and began serving the sentence. The State later discovered that Defendant's sentence did not conform to statutory mandates.

**{3}**    On September 11, 2006, the trial court held a hearing on the State's motion to correct the sentence. Defendant argued that the correct remedy for the imposition of an illegal sentence was to allow the plea to be withdrawn. The State agreed and made the following request: "We would ask the [c]ourt, therefore, to inquire of . . . Defendant personally if he does choose to do so[,] to set aside the plea, establish conditions of release, and set the matter to proceed to trial." The trial court questioned Defendant, who stated that he wanted to withdraw the plea. The trial court then declared that "[a]t this time, then, the [c]ourt will—as the State has asked, will treat this as a withdrawal of your plea." The State agreed to prepare an order reflecting the proceedings, but this was not done until several months later; the order was entered on March 16, 2007, more than six months after the hearing.

**{4}**    Also at the September 11 hearing, the trial court set a pre-trial conference for November 6, 2006, and indicated that trial would be held in January 2007. Notices to that effect were issued on October 16, 2006. At the November pre-trial conference, Defendant stated that he would not be ready for trial until late January because of difficulties with discovery.

**{5}**    On February 12, 2007, the trial court rearraigned Defendant. Also at that time, the trial court reset the pre-trial conference for May 2007 and reset trial for July 2007. In June 2007, Defendant sent a letter to his attorney and to the trial court. In the letter, Defendant informed the trial court that after the September 2006 hearing, no action was taken, by either the State or Defendant's counsel, to ensure that Defendant was removed from the correctional facility where he had been serving his sentence. In addition, he demanded the commencement of his trial. Trial was reset for August 9, 2007, and on August 7, 2007, the trial court held a hearing on the issues raised in Defendant's letter.

**{6}**    At the hearing, the State moved the trial court to strike Defendant's letter as a pro se pleading improperly filed by a party who was represented by counsel. The trial court agreed and struck the letter, but nevertheless heard and ruled on the oral motion to dismiss made at the hearing by Defendant's counsel. Defendant's counsel argued that the September 2006

2

plea withdrawal triggered the six-month rule, that the time for trial had expired, and that the proper remedy was dismissal. The State countered that the trial court did not have jurisdiction to retry Defendant until after the written order had been entered on March 16, 2007, and, therefore, the six-month period did not commence until that date. The trial court agreed with Defendant and dismissed the case. The State appeals.

## II.    DISCUSSION

**{7}**    The pivotal question before us in this appeal turns on the date of the latest event to trigger the commencement of the six-month rule. Our standard of review is de novo. *Jaramillo*, 2004-NMCA-041, ¶ 8 (reviewing de novo the application of the six-month rule). We begin by examining the language of the rule and then we will address the arguments of the parties.

## A.    Rule 5-604(B)(8)

**{8}**    Rule 5-604(B) states that

> [t]he trial of a criminal case or habitual criminal proceeding shall be commenced six (6) months after whichever of the following events occurs latest:
>
> > (1)    the date of arraignment, or waiver of arraignment, in the district court of any defendant;
> >
> > (2)    if the proceedings have been stayed to determine the competency of the defendant to stand trial, the date an order is filed finding the defendant competent to stand trial;
> >
> > (3)    if a mistrial is declared or a new trial is ordered by the trial court, the date such order is filed;
> >
> > (4)    in the event of an appeal, including interlocutory appeals, the date the mandate or order is filed in the district court disposing of the appeal;
> >
> > (5)    if the defendant is arrested or surrenders in this state for failure to appear, the date of arrest or surrender of the defendant;
> >
> > (6)    if the defendant is arrested or surrenders in another state or country for failure to appear, the date the defendant is returned to this state;
> >
> > (7)    if the defendant has been placed in a preprosecution

3

diversion program, the date of the filing with the clerk of the district court of a notice of termination of a preprosecution diversion program for failure to comply with the terms, conditions or requirements of such program;

(8)       the date the court allows the withdrawal of a plea or the rejection of a plea made pursuant to Paragraphs A to F of Rule 5-304 NMRA.

In short, Rule 5-604(B)(8) directs that the "trial of a criminal case or habitual criminal proceeding shall be commenced six (6) months" after the latest occurrence of a triggering event.  *Id.*  The list of triggering events are enumerated in eight subsections to the rule. These subsections can be divided into two categories:  those that require the filing of an order or other document and those that are based on the taking of a particular action. Specifically, three triggering events are based on the date of entry of an order and one is based on the date that a notice is filed:  (1) the date an order is filed finding a defendant competent to stand trial, (2) the date an order of mistrial is filed; (3) the date an appeal is disposed of by the filing of a mandate or an order in the trial court, and (4) the date of filing with the clerk a notice of termination of a preprosecution diversion program.  *See* Rule 5-604(B)(2), (3), (4), (7).  The remaining four events are silent regarding a filing and refer instead to the date that some defined action is taken:  (1) the date of arraignment or waiver of arraignment, (2) the date of arrest or surrender for failure to appear, (3) the date the defendant returns to New Mexico if he is arrested or surrenders in a different state for failure to appear, or (4) the date the trial court allows a plea to be withdrawn or a plea agreement is rejected.  *See* Rule 5-604(B)(1), (5), (6), (8).  With this as background, we now turn to the arguments of the parties.

**B.       Requirement for an Order**

**{9}**       The State argues that although Rule 5-604(B)(8) does not refer to the entry of an order, the entry of such an order is nonetheless required.  The State makes a number of arguments in support of the basic position:  (1) an order must be written, formal, and final in order to be legally effective; (2) Rule 5-121 NMRA requires orders of the court to be in writing; (3) the trial court was without jurisdiction to retry Defendant until an order was entered; (4) the trial court's actions show that it believed that a written order was necessary; and (5) the six-month rule must be read to apply unambiguously.  We address each of the State's concerns in turn.

**1.       Legally Effective Orders**

**{10}**       The State argues that the six-month rule was not triggered by the oral ruling because it was insufficiently final and formal, and it contained no decretal language.  In general, "an oral ruling by a trial court is not final and, with only limited exceptions, it is not binding." *State v. Vaughn*, 2005-NMCA-076, ¶ 15, 137 N.M. 674, 114 P.3d 354.  The question before us, however, is not whether the oral ruling was sufficient to be a final order for the purposes

4

of actually withdrawing Defendant's plea. The binding and legal effect of a plea withdrawal is distinct from what is required to trigger the six-month rule. Instead, Rule 5-604(B)(8) requires us to consider whether the trial court allowed Defendant to withdraw his plea on September 11, 2006. *See State v. Ratchford*, 115 N.M. 567, 569, 855 P.2d 556, 558 (1993) (explaining that the first determination for the appellate court is whether the "court or a party has failed to comply with an applicable [rule] requirement").

**{11}** In *Ratchford*, our Supreme Court similarly considered not whether an oral ruling was a final order, but whether the ruling complied with the applicable rule. That case focused on Rule 5-614(C) NMRA, which requires a trial court to grant a motion for a new trial within thirty days of the date the motion is filed—otherwise the motion is deemed to be automatically denied. *Ratchford*, 115 N.M. at 569, 855 P.2d at 558. The trial court orally granted the defendant's motion for a new trial but failed to enter a written order within thirty days. *Id.* at 567, 855 P.2d at 556. The state argued that the oral ruling "was not a timely, legally effective order that would comply with Rule 5-614" and cited cases holding that oral rulings are ineffective. *Ratchford*, 115 N.M. at 569, 855 P.2d at 558 (internal quotation marks omitted). Instead of deciding whether the oral ruling was sufficient to be a final order, our Supreme Court evaluated the oral ruling in order to determine whether that ruling was sufficient to "grant" the defendant's motion within thirty days and within the context of the rule. *Id.* at 568, 855 P.2d at 557. The Court held that the oral ruling was sufficient to grant the motion and that the trial court had jurisdiction to enter a final, written order at a reasonable time after the thirty days had passed. *Id.* at 571-72, 855 P.2d at 560-61. Along those lines, we consider the appropriate analysis to be whether the trial court's oral ruling comports with the requirements of Rule 5-604(B)(8) and not whether that ruling was sufficient to be a final order.

**{12}** The State argues that oral orders are generally deemed insufficient, in part because the trial court can change the substance of an oral ruling at any time until the order is entered. The State's general argument fails to take into consideration the circumstances of a plea withdrawal together with the practical reality of the six-month rule. The six-month rule is designed to expedite *a trial*. If the trial court had orally allowed Defendant to withdraw his plea—and triggered the six-month rule—and then reached the opposite conclusion in a later, written order, the result would have been that Defendant was bound by the terms of the original plea agreement, and there would be no trial to commence within six months.

**{13}** The State also suggests that a final, written order should be required for a plea withdrawal to trigger the six-month rule because "[t]he same degree of finality to reinstate a prosecution should be required as to allow an appeal." This contention refers to the necessity for a filed order before a party is permitted to bring an appeal. We are not persuaded by this argument for two reasons. First, the requirement for an order to be filed before an appeal will lie is mandated by rule. Rule 12-201(A) NMRA explains that a notice of appeal must be filed with this Court within a certain period of time after the decision, order, or judgment is filed. This requirement was recently explored by our Supreme Court

5

in *State v. Lohberger*, 2008-NMSC-033, 144 N.M. 297, 187 P.3d 162. After considering whether handwritten notes and a clerk's routing slip were sufficient to constitute a final order, *Lohberger* reaffirmed "the long-standing requirement in New Mexico law that no appeal will lie from anything other than an actual written order or judgment signed by a judge and filed with the clerk of the court." *Id.* ¶¶ 2-3, 6. Rule 5-604(B)(8), however, has no similar requirement for the entry of a final order. Further, we do not base our holding on Defendant's argument that the clerk's record of the September 11, 2006, proceedings constituted a final order.

**{14}** Second, the purpose of the six-month rule is served by starting the six-month clock as soon as the trial court allows the plea to be withdrawn. In the case of a plea withdrawal, the defendant has affirmatively demonstrated his desire for a trial, and the burden shifts to the state to try that defendant in a timely fashion. *See State v. Guzman*, 2004-NMCA-097, ¶ 13, 136 N.M. 253, 96 P.3d 1173 ("[T]he [s]tate has the obligation to conduct the prosecution of its case in a timely manner."). The purpose of the finality requirement before an appeal will lie is to "prevent piecemeal appeals or appeals of issues that may be moot after further proceedings in the lower court." *State v. Heinsen*, 2005-NMSC-035, ¶ 14, 138 N.M. 441, 121 P.3d 1040. The final order requirement as it pertains to appeals does not serve the purpose of the six-month rule as far as plea withdrawal is concerned. As a result, the State's analogy does not serve our analysis.

## 2. Rule 5-121

**{15}** The State argues that Rule 5-121 requires a written order to be entered in order to "make a record of proceedings and to fairly apprise all parties of the status of the proceeding." The State characterizes Rule 5-121 as requiring written orders to be entered "in any matter." We are unpersuaded that Rule 5-121(A) addresses the finality or legal effectiveness of a decision. Instead, the rule explains the process for the entry of an order:

> Upon announcement of the court's decision in any matter the court shall:
>
> (1)  allow counsel a reasonable time, fixed by the court, within which to submit the requested form of order or judgment;
>
> (2)  designate the counsel who shall be responsible for preparation of the order or judgment and fix the time within which it is to be submitted; or
>
> (3)  prepare its own form of order or judgment.

*Id.* This language describes how an order shall be entered and not the necessity of an order or the legal effect of a properly entered order. Further, we observe that there is no dispute that the trial court generally followed this procedure when a written order was entered in March 2007.

6

### 3. Jurisdiction

**{16}** Because the trial court had already entered a judgment and sentence and Defendant had begun to serve his time, the State argues that the trial court was without jurisdiction to try Defendant until the existing judgment and sentence was vacated by written order. Specifically, the State argues that double jeopardy principles would have prevented Defendant's retrial until the original judgment and sentence had been vacated. We agree that the original judgment and sentence needed to be vacated before retrial. We are, however, unpersuaded that the trial court's ability to actually retry Defendant is necessarily connected to the events that trigger the six-month rule. The language of Rule 5-604(B) clearly makes a distinction between triggering events that require a filing of an order and triggering events that do not. Rule 5-604(B)(8) does not require the entry of an order and as a result, we presume that the drafters of the rule intended to distinguish allowing plea withdrawals or rejecting pleas from other types of triggering events that specifically utilize the word "filing." *See State v. Anthony M.*, 1998-NMCA-065, ¶ 12, 125 N.M. 149, 958 P.2d 107 ("We presume that the drafters of the [r]ule intended this language to have meaning and not be superfluous.").

**{17}** By its nature, the withdrawal of a plea agreement leaves a defendant immediately vulnerable to trial. The constitutional barrier to the trial court's jurisdiction over Defendant's impending trial—in this case, an existing judgment and sentence—requires that an order be entered addressing this. The six-month rule affirmatively triggers the State's burden to bring Defendant to trial; thus, when the six-month rule is triggered by one of the eight listed events, the State becomes responsible for proceeding to trial in a timely fashion and this would include ensuring the removal of a constitutional barrier to the trial court's jurisdiction to try Defendant. The State bears the burden to ensure the forward momentum of the proceedings. *See State v. Granado*, 2007-NMCA-058, ¶ 14, 141 N.M. 575, 158 P.3d 1018 ("The [s]tate has the burden of bringing a defendant to trial within the time required by the rule."). Accordingly, the existing judgment and sentence did not prevent the triggering of the rule because, in the circumstances of a plea withdrawal, the rule operates affirmatively to shift the burden to the State to initiate the inevitable trial proceedings in a timely manner.

### 4. Trial Court's Actions

**{18}** The State also argues that some of the trial court's comments and actions indicate that it believed that more than oral acceptance of the plea withdrawal was required to trigger the six-month rule. Specifically, the State cites the trial court's September 11, 2006, reference to the need for paperwork to be filed; a conversation between Defendant and the trial court at the February 12, 2007, hearing in which the trial court asked Defendant for the second time if he was sure that he wanted to withdraw his plea; and the trial court's comments at the August 7, 2007, hearing, which indicated that "confusion" had surrounded the past entry of appropriate orders. We disagree.

**{19}** The September 11 statement specifically referred to paperwork that would need to be filed in order for Defendant to be transferred from the correction facility—where he had been serving his sentence—to a detention center—where he should await trial. The February questioning of Defendant fails to substantiate the State's argument for two reasons. First, immediately before the comment cited by the State, the trial court explained that Defendant had "previously . . . pled on this matter and then that plea had been withdrawn." There thus appears to be no question, based on that statement, that the trial court was under the impression that it had allowed the plea to be withdrawn. Second, even if the trial court's question did constitute an opportunity for Defendant to change his mind, that raises an issue as to the legal effect of the plea withdrawal and not the triggering effect of the trial court's September 2006 acceptance of the plea withdrawal for the purposes of the six-month rule. As we have explained, our inquiry is focused only on the date the rule is triggered and not the legal effect of the trial court's statements.

**{20}** The August 2007 comment was made when the trial court dismissed the case and asked defense counsel to prepare the appropriate order. There is no dispute that the State had volunteered to enter an order regarding the plea withdrawal in September 2006 and failed to do so. The trial court's comments related to that "confusion" and not to the confusion regarding the six-month rule or the effect of the oral ruling. After reviewing these comments, we see no indication that the trial court acted as though a written order was necessary to trigger the six-month rule.

### 5. Clear Trigger Date

**{21}** The State also contends that the "time at which the triggering events under Rule 5-604 start the six-month clock should be clear and definite" and continues to argue that the only way to achieve such clarity is to require a final and binding order. The language of the rule and the circumstances of the present case demonstrate that a final order is not required in order to keep the six-month rule "a bright-line rule that is easily applied." *State v. Lobato*, 2006-NMCA-051, ¶ 30 139 N.M. 431, 134 P.3d 122. The language of Rule 5-604(B)(8) directs that the time runs from the date the plea withdrawal was "allow[ed]." In the present case, it is not difficult to apply this language. The court held a hearing on sentence modification in which Defendant and the State requested that the trial court allow Defendant to withdraw his plea. The trial court agreed and allowed the plea to be withdrawn. This was done in open court, and both parties took actions based on the plea withdrawal.

**{22}** From that point forward, the parties and the trial court behaved as if trial were imminent. The day after the hearing, the trial court issued an order setting conditions of release, which reflected Defendant's plea withdrawal. A month later, the trial court set trial and sent a pre-trial scheduling order. Counsel for the State and Defendant appeared at a pre-trial conference two months after the hearing. At that conference, defense counsel indicated that he had been trying to procure records from Defendant's previous attorney. All of these activities indicate that the parties were on track for trial, which would not be the case if the plea agreement were still in effect.

**{23}** The State takes the opposite position and argues that the parties did not act as if trial were imminent. The State cites the events of February 2007, including Defendant's participation in the rearraignment, the court's second questioning of Defendant regarding the plea withdrawal, and Defendant's failure to object to the May pre-trial conference or the July trial setting. None of these occurrences, however, are evidence that the parties believed that the plea agreement was still in effect.

**{24}** We do view these events as support for the State's argument that Defendant acquiesced to the delay. *See State v. Sanchez*, 109 N.M. 313, 316, 785 P.2d 224, 227 (1989) (concluding that plea negotiations between the parties after the six-month rule had expired demonstrated that "it clearly was understood by the parties that the action against [the defendant] was held in abeyance"). We observe, however, that the acquiescence argument is raised for the first time on appeal; this argument was not made to the trial court. Accordingly, we conclude that the issue of Defendant's acquiescence was not preserved for our review. *See State v. Silva*, 2008-NMSC-051, ¶ 9, 144 N.M. 815, 192 P.3d 1192 ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]" (internal quotation marks and citation omitted)).

### 6. Defendant's Argument

**{25}** Defendant argues that the plain language of Rule 5-604(B)(8) does not require a written or a final order. As we have indicated, we agree with Defendant. Rule 5-604(B)(8)—unlike the three subsections that specifically call for the entry of an order—requires only that the trial court allow a defendant to withdraw a plea. As a result, in the present case we are called upon to decide whether the trial court's oral ruling was sufficient to "allow" Defendant to withdraw his plea. *See Ratchford*, 115 N.M. at 569, 855 P.2d at 558 (considering the trial court's ruling to determine whether it was consistent with the requirements of the rule).

**{26}** The record demonstrates that at the September 11 hearing, both parties agreed that Defendant should be permitted to withdraw his plea and that the trial court allowed the withdrawal. After considering the State's arguments to the contrary, we hold that nothing more is required to trigger the running of the six-month period under Rule 5-604(B)(8). *See Sanchez*, 109 N.M. at 316, 785 P.2d at 227 (interpreting Rule 5-604 to restart the six-month period from the date that the trial court rejected a plea agreement at a hearing, which was held before the entry of judgment and sentence).

### C. Latest Triggering Event

**{27}** In its reply brief, the State argues, in the alternative, that events later than the September 11 hearing—specifically, the rearraignment in February 2007 and accompanying oral comments by the trial court—restarted the six-month period. We do not consider these arguments because we do not address arguments presented for the first time in a reply brief. *State v. Castillo-Sanchez*, 1999-NMCA-085, ¶ 20, 127 N.M. 540, 984 P.2d 787.

**{28}** We are also unpersuaded that the six-month rule was restarted by the entry of a final, written order on March 16, 2007. The written order simply memorialized the oral order—an oral order that neither party disputed at the time it was made and that as we have explained, fulfilled the requirements of Rule 5-604(B)(8). If entry of a written order restarted the six-month clock after a trial court orally allowed a defendant to withdraw his plea, the "allow[]" language in Rule 5-604(B)(8), as opposed to the "order is filed" language in Rule 5-604(B)(2), (3), and (4), would be meaningless. *See State v. Garcia*, 2002-NMCA-050, ¶ 12, 132 N.M. 180, 45 P.3d 900 (rejecting an interpretation of a rule that would render part of the rule meaningless). We therefore conclude that because the trial court allowed Defendant to withdraw his plea in September 2006 and because the written order in March 2007 merely finalized the existing and uncontested ruling, the latest triggering event was the September 2006 oral ruling.

## III. CONCLUSION

**{29}** We affirm the trial court.

**{30}** **IT IS SO ORDERED.**

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

**JONATHAN B. SUTIN, Judge**

**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Enlow*, No. 27,951**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-PA | Preservation of Issues for Appeal |
| AE-ST | Standard of Review |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-DF | Delay in Filing |
| CA-DC | Dismissal of Charges |
| CA-FO | Final Order |
| CA-TL | Time Limitations |