This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LEE STONE,**

Plaintiff-Appellant,

**v.**                                                                                    **No. 32,813**

**FAIRY PURIFOY and JOHN HAKANSON,**

Defendants,

**and**

**ROBIN H. SMITH and ALETA SMITH,**

Defendants-Appellees.


**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, Jr., District Judge**

Lee Stone
San Jon, NM

Pro se Appellant

Tim J. O'Quinn, P.C.
Tim J. O'Quinn
Tucumcari, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}    Appellant Lee Stone (Plaintiff) appeals pro se from the district court's judgment against him in the amount of $5,320.05 in favor of Appellees-Defendants Robin Smith and Aleta Smith (the Smiths). Our notice proposed to affirm. The Smiths filed a memorandum in support. Plaintiff filed a memorandum in opposition and motion to amend the docketing statement, as well as an objection to the Smiths' memorandum in support. We deny Plaintiff's motion to amend his docketing statement and remain unpersuaded by Plaintiff's arguments. We therefore affirm.

{2}    As an initial matter, we address Plaintiff's motion to amend the docketing statement. [MIO 2] In conjunction with his motion to amend, Plaintiff emphasizes additional facts he believes this Court may have overlooked at the time we issued our notice [MIO 2-3] and argues that there are no facts to support our proposed affirmance. [MIO 5] We reiterate the commonplace that the district court resolves conflicts in the evidence, and that we do not re-weigh the evidence on appeal. [RP Vol.1/155-56] *See generally Weidler v. Big J Enters.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089 (in reviewing a sufficiency of the evidence claim, the reviewing court views the evidence in the light most favorable to the prevailing party

and disregards evidence and inferences to the contrary). Plaintiff's motion to amend the docketing statement is denied. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

{3}     In issue (1), Plaintiff continues to argue that the district court erred by not granting a hearing on Plaintiff's March 13, 2013, "affidavit, objection to order and motion for relief from judgment and order under NMRA Rule 1-060(B)(2), (3), (4)" (the motion). [DS 6-8, 10; MIO 2-5] As fully explained in our notice, because Plaintiff's motion is a Rule 1-060 NMRA motion premised on newly discovered evidence [RP Vol.II/267-70], the filing of the notice of appeal precluded the district court from considering its merits while Plaintiff's case is pending on appeal. *See generally State ex rel. Bell v. Hansen Lumber Co.*, 1974-NMSC-051, ¶ 6, 86 N.M. 312, 523 P.2d 810 (holding that a district court has no jurisdiction to entertain a Rule 1-060(B) motion during the pendency of an appeal). We accordingly hold that the district court properly did not hold a hearing to address Plaintiff's allegations of newly discovered evidence. And to the extent Plaintiff in his MIO argues that a new hearing is merited because of improper service of the February 12, 2013, order [MIO 2-3], we note that a violation of Rule 1-058 NMRA (preparation and entry of orders and judgment) does not make the order void. *See generally De Lao v. Garcia*, 1981-

NMCA-091, ¶ 6, 96 N.M. 639, 633 P.2d 1237 ("The entry of judgment is a ministerial act, and the validity of the judgment is not affected by delay or omission in entering judgment.").

{4}     In issue (2), Plaintiff continues to argue that the district court erred "by not entering its findings of fact[] and conclusions of law as promised." [DS 9; MIO 6] For the reasons detailed in our notice, the district court's February 12, 2013, order makes adequate findings, including findings that Plaintiff slandered the Smiths' title [RP Vol.II/256] and caused damages to the Smiths in the specific amounts requested by the Smiths in their requested findings and conclusions. [RP Vol.I/155-56, 256-57] Although the district court did not include labeled "conclusions" in its order, the court's findings that dismiss Plaintiff's complaint against the Smiths and award judgment in favor of the Smiths suffice. *See Gough v. Famariss  Oil & Ref. Co.*, 1972-NMCA-045, ¶ 10, 83 N.M. 710, 496 P.2d 1106 (recognizing that the occasional intermixture of matters of fact and conclusions of law do not constitute error where the reviewing court can see enough, upon a fair construction, to justify the judgment of the court), modified on other grounds by *Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, ¶¶ 24-26, 131 N.M. 272, 34 P.3d 1148; *see also McCleskey v. N.C. Ribble Co.*, 1969-NMCA-042, ¶ 4, 80 N.M. 345, 455 P.2d 849 (providing that findings of fact are not required to cover every material fact, only the ultimate facts).

{5}     Lastly, because we conclude that the district court's findings are adequate, we decline Plaintiff's continued request in issue (3) to remand for the district court to enter more extensive findings and conclusions. [MIO 8] While Plaintiff would like for us to remand to consider the effect of the alleged newly discovered evidence referenced in Plaintiff's March 13, 2013, motion [RP Vol.II/263], we decline to do so because there is no indication that the district court would be inclined to grant Plaintiff relief based on the alleged newly discovered evidence. *See Hansen Lumber*, 1974-NMSC-051, ¶ 7 (stating that a party shall request such leave and that "[a] case will be remanded only where the showing reasonably indicates that, if leave is given, the trial court might properly grant the Rule 60(B) motion."). As we noted in our notice, after this appeal is resolved, the district court will have the authority to consider the merits of Plaintiff's argument that he is entitled to relief pursuant to the Rule 1-060(B) motion.

{6}     To conclude, for the reasons set forth herein and in our notice, we affirm.

{7}     **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

5

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE, Judge**