149 P.3d 104 (2006)
2006-NMCA-147
STATE of New Mexico, Plaintiff-Appellee,
v.
Bert DONAHOO, Defendant-Appellant.
No. 26,795.
Court of Appeals of New Mexico.
October 23, 2006.
As Revised December 19, 2006.
*105 Patricia A. Madrid, Attorney General, Santa Fe, NM, for Appellee.
Frechette & Associates, P.C., Todd Hotchkiss, Albuquerque, NM, for Appellant.

OPINION
CASTILLO, Judge.
{1} In this case, we are asked to examine the jurisdiction of a metropolitan court judge, Judge Barnhart  who, although not assigned to Defendant's case, presided over a portion of the case because of the unavailability of the assigned judge. Defendant argues that under the applicable rules of criminal procedure, Judge Barnhart was without jurisdiction to preside in this case. Therefore, Defendant contends, any ruling made by Judge Barnhart must be void. In our notice of proposed summary disposition, we proposed to hold that Judge Barnhart had the authority to preside over Defendant's case, and we proposed to affirm the district court. Defendant filed a timely memorandum in opposition. Having duly considered the memorandum in opposition and remaining unpersuaded, we affirm.
I. DISCUSSION
A. Standard of Review
{2} We review the district court's interpretation of a rule de novo. See State v. Rowell, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995).
B. Judge Barnhart Had the Authority to Preside Over Defendant's Case
{3} As we discussed in our notice of proposed summary disposition, Defendant's case was set for trial on April 21, 2005, before Judge Chavez, who was assigned to hear Defendant's case. However, Judge Chavez was unavailable on April 21, 2005. In his absence, Judge Gomez, who did not hear Defendant's case, and later Judge Barnhart filled in for Judge Chavez.
{4} Judge Barnhart made some decisions in Defendant's case. Judge Barnhart (1) found that the record did not indicate Judge Gomez recused herself and that there was no need to continue Defendant's trial setting for at least ten days, pending reassignment of the case to another judge, pursuant to Rule 7-105(A) NMRA; (2) denied defense counsel's motion to dismiss for lack of police officer interviews prior to trial and ruled that defense counsel could interview the police officers that day; (3) denied as untimely defense counsel's motion that he excuse himself; (4) continued the April 21, 2005, trial setting, based on defense counsel's motion to continue, in order to interview a fourth police officer who was not on the State's witness list but who was revealed during defense counsel's interviews on April 21, 2005; and (5) granted the State's motion for an extension of the 182-day rule to take the case to trial.
{5} The case went to trial before Judge Chavez on May 24, 2005. Defendant was convicted of aggravated DWI and failure to yield by Judge Chavez after a bench trial. Defendant appealed the conviction to the district court. That court relied on general concepts of jurisdiction, affirmed the conviction, and concluded that Judge Barnhart had the power or authority to act as he did and that nothing existed to divest him of that power or authority. Defendant filed a motion for rehearing and argued that the district court overlooked or misapprehended some points of fact or law and the applicability of specific rules of criminal procedure for the metropolitan courts. The district court denied the motion for rehearing and noted that Defendant's argument was unavailing.
{6} Defendant lists four grounds as support for his position that Judge Barnhart's decisions should be voided for lack of jurisdiction: (1) neither Judge Gomez nor Judge Barnhart was assigned to the case; (2) there was no evidence that Judge Chavez, the assigned judge, agreed to have either of the two other judges preside over the case; (3) the parties did not agree to the other judges' presiding over the case; and (4) the parties were not given ten days to agree on another judge to hear the case. Below and now on appeal to this Court, Defendant relies on the rules of criminal procedure for the metropolitan courts to support his argument, specifically Rule 7-105(C) and Rule 7-106(C), (I) NMRA. Defendant argues that the plain *106 meaning of these rules of criminal procedure must be followed. Based on the circumstances of this case, Judge Barnhart had jurisdiction to preside over Defendant's case, and we disagree that the action taken by Judge Barnhart must be voided.
{7} Rule 7-105(C) states that "[a]t any time during the pendency of the proceedings[,] if the assigned judge is unavailable, the parties may agree on another judge to hear any matter, including the merits of the case. The agreement is subject to the approval of the assigned judge and the judge agreed upon by the parties." (Emphasis added.) The word "may" is permissive. See, e.g., Cerrillos Gravel Prods., Inc. v. Bd. of County Comm'rs, 2005-NMSC-023, ¶ 12, 138 N.M. 126, 117 P.3d 932. Therefore, it appears that the rule anticipates that the parties may or may not agree to a designated judge when the assigned judge is unavailable.
{8} Defendant agrees that the use of the word "may" is permissive but argues that Judge Barnhart had no jurisdiction in the first place. Defendant acknowledges that district court and municipal court judges would have jurisdiction under these facts. According to Defendant, however, Judge Barnhart had no jurisdiction because there is no case law directly on point granting jurisdiction to an unassigned judge in these circumstances and because there is no specific criminal rule that would create jurisdiction in this case. We do not agree with Defendant's conclusion. Rule 7-105(C) sets out a procedure that may be used when an assigned judge is unavailable. This procedure is permissive, which means that it is not the only procedure that may be used to designate another judge when an assigned judge is unavailable. If we were to adopt Defendant's reasoning, the permissive language in Rule 7-105(C) would become meaningless because agreement by the parties would be the only option available when an assigned judge becomes unavailable. Accordingly, we agree with the district court's analysis that as one of several co-equal metropolitan court judges, Judge Barnhart, absent some other disqualifying factor, had jurisdiction to act in this case. See NMSA 1978, § 34-8A-3 (2001) (establishing the jurisdiction of metropolitan court judges); NMSA 1978, § 34-8A-8(C) (2006) ("There shall be nineteen judges of the Bernalillo county metropolitan court."); see also NMSA 1978, § 34-6-18 (1968) ("[I]n judicial districts having more than one district judge[,] . . . [a]ll judges of a judicial district have equal judicial authority[.]"); Miller v. City of Albuquerque, 88 N.M. 324, 327-28, 540 P.2d 254, 257-58 (Ct.App.1975) (rejecting the argument that a judge first acquiring jurisdiction retains it to the exclusion of all others of coordinate position).
{9} Rule 7-106(C) states that "[a] party may not excuse a judge after the party has requested that judge to perform any discretionary act other than conducting an arraignment or first appearance, setting initial conditions of release or a determination of indigency." In this case, Defendant did not initially object to Judge Barnhart's presiding over his case. The record indicates that Defendant only stated that Judge Gomez recused herself, to which Judge Barnhart noted that nothing in the record reflected such recusal. Defendant then requested that the case be dismissed, as some police interviews had not been conducted. Judge Barnhart denied the motion, and then Defendant requested that Judge Barnhart excuse himself. Judge Barnhart denied the request to excuse because Defendant waited to request that Judge Barnhart be excused until after Judge Barnhart made an unfavorable ruling against Defendant. The trial court's ruling on Defendant's motion for dismissal was a discretionary act, see Walker v. Walton, 2003-NMSC-014, ¶ 5, 133 N.M. 766, 70 P.3d 756, and Defendant cannot claim that Judge Barnhart lacked authority to hear his case on April 21, 2005.
{10} Defendant maintains that "[t]here are only two exceptions under the Rules of Criminal Procedure for the Metropolitan Courts to the general rule that only an assigned judge has jurisdiction in Metropolitan Court to preside over a Metropolitan Court criminal case." Defendant argues that one exception is under Rule 7-105(C), which reveals the control the assigned judge has over a case and the power of the parties to determine who may hear the case if the assigned *107 judge is unavailable. Defendant contends that the parties did not agree Judge Barnhart could preside over his case and that Judge Chavez did not approve Judge Barnhart to preside over the case. However, as stated above, the language in Rule 7-105(C) regarding the assignment of a judge is permissive. Additionally, Defendant fails to provide authority for his premise that only an assigned judge has jurisdiction to preside over metropolitan court criminal cases. We have already addressed this contention in paragraph 6 above.
{11} Defendant also argues that another exception to the general rule that only an assigned judge has jurisdiction over a case in metropolitan court is Rule 7-106(I). This rule concerns the inability of a judge to proceed in an assigned case. Defendant's argument regarding Rule 7-106(I) is unavailing. In this case, as provided by the rule, Judge Chavez was unavailable to preside over Defendant's case; Judge Chavez, however, never commenced the hearing or trial. Therefore Rule 7-106(I) does not apply to the facts in this case. Defendant's argument is further weakened by his own actions. He first requested that Judge Barnhart exercise his jurisdiction by dismissing the case; then, only after Judge Barnhart performed a discretionary act  denial of the motion  did Defendant attempt to achieve a different result by invoking the procedures contained in the criminal rules for metropolitan courts.
{12} Finally, Defendant contends that the plain meaning of Rule 7-105(C) puts unique importance on the status of the assigned metropolitan court judge. However, as discussed above, the language in Rule 7-105(C) states that the parties may agree on another judge to hear any matter. The permissive language indicates that the rule contemplates that the parties may agree on another judge to hear any matter, but that agreement is not necessary.
C. Defendant Does Not Establish That Judge Barnhart's Ruling Prejudiced Him
{13} Although Defendant argues that Judge Barnhart's ruling regarding the continuance requested by Defendant prejudiced him, his argument is unpersuasive. Judge Barnhart's rulings were reviewed by Judge Chavez, and Judge Chavez determined that Judge Barnhart did not err. Furthermore, although Defendant's memorandum in opposition argues that he was prejudiced by the delay under Rule 7-506 NMRA because Judge Chavez was unavailable on April 21, we are unpersuaded by the argument. Defendant's argument rests upon his contention that the delay should be attributed to the State and that Judge Barnhart's ruling is void because he did not have jurisdiction to hear the case. As we stated above, the record indicates that Judge Barnhart did have jurisdiction to preside over Defendant's case and that any ruling he made was reviewed by Judge Chavez. Moreover, Defendant requested that Judge Barnhart grant him the extension so he could further prepare his case, and the case was reset for a later trial before Judge Chavez. Defendant has failed to show prejudice from the alleged failure to follow the metropolitan court rule regarding designation and assignment of judges, and we cannot glean any showing of prejudice from the record. See State v. Fernandez, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct.App.1994) ("In the absence of prejudice, there is no reversible error.").
{14} Finally, with regard to the motion for rehearing that Defendant raised in his docketing statement, Defendant's memorandum in opposition does not point out that this Court's proposal was incorrect. See Rule 12-210(D)(3) NMRA. Therefore, we hold that the district court did not abuse its discretion in denying the motion for rehearing because Defendant did not convince the district court that the court had overlooked or misapprehended the facts or point of law based on the circumstances of this case. Sandoval v. Sandoval, 61 N.M. 38, 42, 294 P.2d 278, 281 (1956) ("A motion for rehearing is addressed to the sound discretion of trial court."). Based on the standard of review, we hold that the district court did not err.
II. CONCLUSION
{15} Based on the foregoing and those reasons set forth in our calendar notice, we affirm the district court's determination.
{16} IT IS SO ORDERED.
*108 WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge, and CYNTHIA A. FRY, Judge.