2007-NMCA-058

158 P.3d 1018

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Art GRANADO, Defendant–Appellant.**

**No. 26,469.**

Court of Appeals of New Mexico.

March 27, 2007.

Gary K. King, Attorney General, Santa Fe, NM, M. Anne Kelly, Assistant Attorney General, Albuquerque, NM, for Appellee.

John Bigelow, Chief Public Defender, Santa Fe, NM, Linda Yen, Assistant Public Defender, Albuquerque, NM, for Appellant.

## OPINION

VIGIL, Judge.

{1} The issue presented in this case is whether Defendant's trial in the metropolitan court commenced within the 182 days specified by Rule 7–506 NMRA. We hold that the trial did not commence within the time specified by the Rule, and reverse Defendant's conviction.

## FACTS AND PROCEDURAL BACKGROUND

{2} On September 12, 2004, Defendant was arrested by a New Mexico State Police officer and charged in the metropolitan court with aggravated driving while under the influence of intoxicating liquor (DWI), second offense. NMSA 1978, § 66–8–102(D)(3) (2005). Defendant was arraigned on September 13, 2004, and trial was set for November 16, 2004. The State promptly notified the metropolitan court and defense counsel that it would call the two New Mexico State Police officers involved in Defendant's arrest as witnesses at the trial.

{3} On November 16, 2004, Defendant appeared before the metropolitan court for trial. However, one of the arresting officers was not present. The State therefore requested, and was granted, a continuance of the trial. That same day, trial was reset for December 14, 2004. On December 14, 2004, Defendant again appeared for trial, and again, the prosecutor was unable to proceed, this time because neither of the arresting officers was present. The trial was therefore once again continued at the State's request and reset a third time for February 15, 2005, at 8:45 a.m.

{4} On the morning of February 15, 2005, the arresting officers once again failed to appear. Defendant also was not present, and his attorney so advised the court when the

case was called for trial. The judge thereupon announced, "Issue a warrant." In his case notes for that day, the judge noted, "Defendant absent court on 2–15–05 issue bench warrant, forfeit bond, new bond $2,000, cash only."

{5} Later that day in the afternoon, the case was called again. Defendant, his attorney, and the prosecutor were present. The judge told Defendant: "We issued a bench warrant. Why weren't you here?" Defendant explained that the fuel pump on his truck had broken that morning on his way to court and that he had walked back home and called the metropolitan court judge's office to advise him of what had occurred. Defendant was told to be in the judge's courtroom at 1:00 p.m. that day and report to the clerk, which is what he did. He had also called the public defender's office that morning but was unable to get a response. Satisfied with Defendant's explanation, the judge announced in the presence of Defendant, his counsel, and the prosecutor, "[c]ancel the bench warrant we issued this morning. Defendant had car problems. Reset ... Defendant for trial." The judge's case notes of this hearing further confirm that his action was to cancel the bench warrant because Defendant had car problems and the trial was to be reset.

{6} Trial was scheduled to commence a fourth time on March 16, 2005. At that time, Defendant moved to dismiss the charges because more than 182 days had passed since his arraignment in violation of Rule 7–506. The State did not dispute Defendant's calculation that more than 182 days had passed since the arraignment but asserted that because Defendant failed to appear for trial on the morning of February 15, 2005, the State was entitled to an additional 182 days to bring Defendant's case to trial. Defense counsel argued that there was no failure to appear on Defendant's part; that he showed up late; and that the bench warrant was canceled. The judge responded:

> "It's the same thing isn't it, pretty much? ... The bench warrant is to assure that people show up for court on time. If you show up after the fact, whether we issued

the bench warrant or not, the rationale is exactly the same.
> If somebody is not available for trial and we have to issue a bench warrant because the State cannot proceed ... if we didn't count that as a bench warrant tolling the Rule, then the whole rationale behind ... that procedure would be negated."

Defense counsel reminded the court that the State was not ready to proceed on the morning of February 15, 2005, because neither of the police officers were present. The judge answered, "I understand, but that bench warrant had the effect of starting up the new six-month rule ... that's my ruling." The motion to dismiss was denied.

{7} The judge thereupon ordered that trial would proceed as scheduled, but allowed a recess. After the recess, the parties advised the court that they had agreed to a conditional plea and disposition agreement. The judge approved the agreement under which Defendant made a conditional plea of guilty to first offense DWI. The agreement expressly states, "I understand that the plea of guilty that I have entered is conditioned upon my appeal. If I file an appeal on the issue of the 182 day Rule and I win my appeal on this issue I may withdraw my plea."

{8} The sentencing hearing took place on April 28, 2005. Defense counsel asked that an appeal bond be approved and the judge asked what the issue on appeal was going to be. Defense counsel responded the "new rule issue." After imposing sentence and allowing an appeal bond, the judge again asked what the issue reserved for appeal was. Defense counsel responded:

> It was just an issue on the new rule. At the last setting the time had run. And there was a confusion as to whether the warrant was canceled or quashed. And whether it was canceled by him actually being here but the warrant still going out, whether it should have been quashed or canceled. 'Cause at that setting the time would have actually run, but with the new rule at the issuance of the warrant then time stops.

The judge said, "I ultimately think it ... doesn't matter.... Things stop. Whether

you quash it or cancel it." Defense counsel replied, "We're pretty sure we agree with you on this one, but we're checking it out just in case."

{9} Defendant appealed the metropolitan court's order denying his motion to dismiss to the district court. *See* NMSA 1978, § 34–8A–6(C) (1993) (providing that the metropolitan court is a court of record for criminal actions involving DWI and that a party aggrieved by a judgment rendered by the metropolitan court in a criminal action involving DWI may appeal to the district court); Rules 7–703 to 7–709 NMRA (setting forth the manner and method of an appeal from the metropolitan court to the district court). The appeal was based on the record of the metropolitan court proceedings. Section 34–8A–6(C). Defendant pointed out that no warrant for Defendant's arrest was ever actually issued notwithstanding that the metropolitan court judge had said he was going to issue a warrant when Defendant was not present on the morning of February 15, 2005, and subsequently said later that afternoon that the bench warrant was going to be canceled after Defendant appeared as instructed. Defendant therefore asserted that the time to commence trial under Rule 7–506 was limited to 182 days after his arraignment, which had expired at the time of trial. The State responded that Defendant had not argued to the metropolitan court that a warrant for his arrest was never actually issued. Accordingly, the State contended that Defendant's legal argument premised on this fact was not preserved for appellate review by the district court. The district court agreed with Defendant that an arrest warrant was never issued by the metropolitan court. However, the district court also agreed with the State that Defendant's appellate argument that was based on this factual premise was not preserved, and issued its judgment affirming the judgment of the metropolitan court.

{10} Defendant appeals from the judgment of the district court. *See* Rule 7–703(R) NMRA ("An aggrieved party may appeal from a judgment of the district court to the New Mexico Supreme Court or New Mexico Court of Appeals, as authorized by law, in accordance with the Rules of Appellate Procedure.").

## STANDARD OF REVIEW

■ {11} The question presented in this case is whether Defendant's trial commenced within the time prescribed by Rule 7–506. Our review is therefore de novo. *See State v. Donahoo*, 2006–NMCA–147, ¶ 2, 140 N.M. 788, 149 P.3d 104 ("We review the district court's interpretation of a [metropolitan court] rule de novo."); *Walker v. Walton*, 2003–NMSC–014, ¶ 8, 133 N.M. 766, 70 P.3d 756 (interpreting metropolitan court rules, and concluding that in construing rules of procedure adopted by the Supreme Court, appellate review is de novo).

## ANALYSIS

{12} The Rules of Criminal Procedure for the Metropolitan Courts were adopted by the Supreme Court to govern the procedure in the metropolitan court, and the Supreme Court has directed, "[t]hese rules shall be liberally construed to secure the just, speedy and inexpensive determination of every metropolitan court · action." Rule 7–101(B) NMRA. Consistent with these purposes, Rule 7–506 specifies when the trial of a criminal action must commence, and the consequence of failing to comply with its requirement is clear: "In the event the trial of any person does not commence within the time specified in Paragraph [B] of this rule or within the period of any extension provided in this rule, the complaint or citation filed against such person shall be dismissed with prejudice." Rule 7–506(E).

{13} The structure of Rule 7–506 is straightforward. The base line for commencing trial is 182 days after arraignment or waiver of arraignment. Rule 7–506(B)(1). However, various contingencies, including having to determine whether a defendant is competent to stand trial, the declaration of a mistrial, an appeal, a defendant's fugitive status, and terminating a defendant from a preprosecution diversion program because of a failure to comply with the terms, conditions, or requirements of the program may require a trial to commence at a later time. These additional triggering events are codified at Rule 7–506(B)(2)–(7). The Rule

therefore requires a trial to commence within 182 days of the last triggering event to occur. Rule 7–506(B).

{14} The State has the burden of bringing a defendant to trial within the time required by the rule. *See State v. Guzman*, 2004–NMCA–097, ¶ 11, 136 N.M. 253, 96 P.3d 1173 (stating that the prosecutor, not the defendant had the duty to take appropriate action to bring the case to trial); *State v. Cardenas*, 2003–NMCA–051, ¶ 11, 133 N.M. 516, 64 P.3d 543 (stating it is a "well-recognized principle that the State is primarily responsible for bringing a criminal defendant to trial"); *Zurla v. State*, 109 N.M. 640, 644, 789 P.2d 588, 592 (1990) (stating that a defendant does not have a duty to bring himself to trial). The Committee Commentary to Rule 7–506 explicitly recognizes this obligation on the State's part by stating, "It is the continuing duty of the prosecutor to seek the commencement of trial within the time specified in this rule." Therefore, when a defendant asserts that his trial did not commence within the time required by the rule, it is the State's burden to demonstrate that trial has commenced within the 182–day base period or that a subsequent triggering event is applicable and that trial commenced within 182 days of that triggering event.

## A. Preservation of Error

{15} On appeal to the district court, there was no dispute that the record on appeal established that a bench warrant to arrest Defendant for failure to appear was never issued by the metropolitan court. We first address the State's argument, made to the district court, and repeated here, that because Defendant did not argue in the metropolitan court that a bench warrant for his arrest was never issued, he waived his right to argue the legal consequence of that fact on appeal. We hold that the issue was adequately preserved and reverse the district court.

{16} The metropolitan court judge announced, "[i]ssue a warrant," when defense counsel advised that Defendant was not present the morning that trial was scheduled. When Defendant appeared before the judge that afternoon as instructed, and the judge accepted his explanation that his truck broke down while he was on his way to court, the judge announced, "[c]ancel the bench warrant we issued this morning." At the subsequent trial setting when defense counsel argued that the rule had expired, the judge first expressed the opinion that when Defendant did not appear for the scheduled trial, it did not matter either whether Defendant's absence was excused, or whether a bench warrant was issued; that Defendant's failure to appear by itself caused the 182 days to start running again because the State was unable to proceed with the trial. Defense counsel reminded the judge that trial could not have started anyway because neither of the arresting officers was present, and the judge replied, "that bench warrant had the effect of starting up the new six-month rule." Defense counsel had no reason to question the repeated assertions of the metropolitan court judge that a bench warrant for Defendant's arrest had been issued.

{17} Defendant subsequently made a conditional plea, which the metropolitan court approved. The plea and disposition agreement approved by the metropolitan court judge states, "I understand that the plea of guilty that I have entered is conditioned upon my appeal. If I file an appeal on the issue of _____ (describe pre-trial motion upon which appeal will be based) and I win my appeal on this issue I may withdraw my plea." Handwritten on the blank line of the form describing the "pre-trial motion upon which [the] appeal will be based" is the handwritten notation "the 182 Day Rule." This notation clearly reserved Defendant's right to appeal whether his trial commenced within the period required by Rule 7–506. Believing that a bench warrant had actually been issued, defense counsel subsequently advised the metropolitan court prior to sentencing that the appellate issue was going to be whether the State is afforded an additional 182 days to bring a defendant to trial depends on whether an issued bench warrant is "canceled" or "quashed" when a defendant appears before the court and provides a valid reason for not appearing for the scheduled trial. The metropolitan court expressed its opinion that it did not matter; that a new

182–day period commenced whether a warrant was "canceled" or "quashed." These remarks understandably reinforce why defense counsel had no reason to argue to the metropolitan court that it never actually issued a bench warrant to arrest Defendant for failure to appear.

{18} Under the circumstances, we disagree with the State that defense counsel had an obligation to argue a fact he was not aware of or to confront the judge and question whether the judge actually did what he said he did. In fact, it was the State's obligation, not Defendant's, to establish that a bench warrant was actually issued if it intended to rely on its assertion that the last triggering event under Rule 7–506(B) was a bench warrant being issued for failure to appear.

{19} Defendant properly preserved for appellate review in the district court and in this Court the argument that his trial in the metropolitan court did not commence in the time required by Rule 7–506. *See* Rule 7–707 NMRA (stating that to preserve a question for review by the district court in an appeal on the record, it must appear that a ruling or decision by the metropolitan court was fairly invoked; that if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party; and that the rule shall not preclude the district court from considering jurisdictional questions or, in its discretion, questions involving general public interest or fundamental error or fundamental rights of a party); Rule 12–216 NMRA (containing identical provisions concerning our appellate review of a district court ruling or decision).

## B.  Violation of Rule 7–506

■ {20} The provisions of Rule 7–506(B) that are applicable to this case state:

B.  **Time limits for commencement of trial.** The trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days after whichever of the following events occurs latest:

(1) the date of arraignment or the filing of a waiver of arraignment of the defendant;

. . . .

(5) if the defendant is arrested for failure to appear or surrenders in this state for failure to appear, the date of arrest or surrender of the defendant[.]

{21} Defendant argues the latest triggering event was his arraignment on September 13, 2004, and that trial had to commence 182 days after that date under Rule 7–506(B)(1), and the State argues that the latest triggering event was when Defendant failed to appear for trial on the morning of February 15, 2005, and that trial could therefore commence 182 days after that date under Rule 7–506(B)(5).  It is undisputed that Defendant's trial did not commence within 182 days of his arraignment.  We therefore proceed to determine in what way Rule 7–506(B)(5) is applicable.

{22} Rule 7–506(B)(5), by its explicit terms, requires trial to commence within 182 days after a defendant "is arrested for failure to appear" or within 182 days after a defendant "surrenders in this state for failure to appear."  When construing rules of procedure, we apply the same rules that are applicable to statutory construction. *See Walker,* 2003–NMSC–014, ¶ 8, 133 N.M. 766, 70 P.3d 756. We therefore look first to the plain meaning of the rule and refrain from further interpretation when the language is clear and unambiguous. *State v. Gutierrez,* 2006–NMCA–090, ¶ 7, 140 N.M. 157, 140 P.3d 1106. When the language of the rule is not defined in the rule, it is given its ordinary meaning. *State v. Eden,* 108 N.M. 737, 741, 779 P.2d 114, 118 (Ct.App.1989).

■ {23} The authority of a metropolitan court to issue a bench warrant when a defendant fails to appear or act as directed by the court is described in Rule 7–207 NMRA. The rule states that if among other things, a defendant "fails to appear" for trial as ordered, the metropolitan court judge "may issue a warrant for the person's arrest." Rule 7–207(A).  Clearly, the judge has authority to issue a bench warrant to arrest a defendant for failure to appear at trial. On the other hand, the rule does not *require* the judge to issue a bench warrant.  The rule leaves it to the discretion of the judge whether to issue a bench warrant in the first place,

and it also gives the judge authority to "withdraw" a bench warrant. Rule 7–207(D) ("If the court withdraws the warrant, the court shall cause the warrant to be removed from the warrant information system."). A metropolitan court judge typically schedules dozens of cases for trial in a single morning or afternoon session. Due to the sheer volume of cases and numbers of persons involved, it is predictable that on any given day, some of those persons, be they defendants, witnesses, police officers, attorneys, jurors, or court staff, may be late, or fail to appear. Some, as Defendant in this case, will have legitimate reasons, some will have an invalid excuse, and some defendants may even be fugitives. As structured, Rule 7–207 allows the metropolitan court judge to deal with these contingencies. Upon learning that a defendant is not present for trial, the judge may announce he intends to issue a bench warrant and write a case note to issue a bench warrant. However, he may not actually issue the warrant at that time. If a defendant subsequently appears and has a legitimate reason, acceptable to the judge, the bench warrant is simply not issued. If a bench warrant has actually been issued already, and a defendant subsequently appears and provides an excuse that the judge accepts, he can then "withdraw" the issued bench warrant. Such a process clearly results in conserving valuable resources of the court and the State.

{24} Failing to appear for trial may also result in a separate, additional criminal charge being filed. NMSA 1978, Section 31–3–9 (1999) is entitled, "Failure to appear," and provides:

A person released pending any proceeding related to the prosecution or appeal of a criminal offense or a probation revocation proceeding who willfully fails to appear before any court or judicial officer as required:

A. is guilty of a fourth degree felony, if he was released in connection with a felony proceeding; or

B. is guilty of a petty misdemeanor, if he was released in connection with a misdemeanor or a petty misdemeanor proceeding.

If a defendant is charged with failure to appear under this statute, a warrant for his arrest may be issued, Rule 7–204 NMRA, and "[t]he warrant shall be executed by the arrest of the defendant." Rule 7–206(B) NMRA. Should a defendant be "arrested without a warrant," the applicable rule provides that "a criminal complaint shall be prepared and given to the defendant prior to transferring the defendant to the custody of the detention facility." Rule 7–201(D) NMRA. We note that for criminal liability to attach for failure to appear, willful behavior by the defendant is required. *State v. Elliott*, 2001–NMCA–108, 131 N.M. 390, 37 P.3d 107; *In re Stout*, 102 N.M. 159, 692 P.2d 545 (Ct.App.1984); *Andrews v. McMahan*, 43 N.M. 87, 85 P.2d 743 (1938). We therefore assume without deciding that a failure to appear may be justified or excused.

{25} In this case, Defendant was never "arrested for failure to appear." While Defendant failed to appear for trial on the morning of February 15, 2005, a bench warrant was not issued to arrest him for failure to appear, and Defendant was never seized or taken into custody by a police officer because of his failure to appear at that time. The most that can be said in this case is that the metropolitan court judge announced he intended to issue a bench warrant and made a case note to do so. However, a bench warrant was never actually issued. When the judge later announced he was going to "cancel" the bench warrant, there was nothing to cancel. His case note to "cancel the bench warrant" was nothing more than a note to his chambers not to issue the bench warrant he had earlier said he had intended to issue. We therefore do not address whether there is a distinction between "cancelling" and "quashing" a bench warrant, and what the effect of doing either has on the time limits imposed by Rule 7–506. Further, Defendant was never seized or taken into custody by a police officer to be prosecuted for committing the criminal offense of failure to appear. We have previously stated that the ordinary meaning of an "arrest" is " 'to seize or take into custody by authority of the law.' " *State v. Solano*, 1999–NMCA–019, ¶ 11, 126 N.M. 662, 974 P.2d 156 (quoting

Webster's New World Dictionary 76 (3d ed.1991)). Here, Defendant voluntarily appeared in court later on the afternoon of February 15, 2005, as directed, after he called the judge's office and advised that his truck had broken down on his way to court. This was not an "arrest" as the term is commonly understood.

{26} We next consider whether Defendant "surrender[ed] … for failure to appear" to determine if the second alternative of Rule 5–506(B)(5) applies. The ordinary meaning of "surrender" is "to give oneself up to another's power or control." Webster's New World Dictionary 1348 (3d ed.1994). To surrender in this context therefore simply means that a person voluntarily submits to the legal authority that authorizes or directs him to be taken into custody. *Cf. State v. Ellingson,* 13 Neb.App. 931, 703 N.W.2d 273, 281 (2005) (stating that to effect an arrest, there must be a seizure or detention of the person arrested or his voluntary submission to custody). In this case, any legal authority authorizing or directing Defendant to be taken into custody had to be "for failure to appear." Defendant had promptly contacted the court, and had been told to come in to explain himself. When Defendant appeared before the metropolitan court judge on the afternoon of February 15, 2005, no bench warrant was outstanding to arrest Defendant for failure to appear, and Defendant was not charged with committing the criminal offense of failure to appear. There was no legal authority authorizing or directing that Defendant be taken into custody, so there was nothing that Defendant could "surrender" for.

{27} We therefore reject the State's argument that the latest triggering event was when Defendant failed to appear for trial on the morning of February 15, 2005, under Rule 7–506(B)(5), and that trial could commence 182 days later. Since no triggering event other than Defendant's arraignment is applicable, and Defendant's trial did not commence within 182 days after his arraignment, Rule 7–506(E) mandates that the complaint filed against Defendant be dismissed with prejudice.

## CONCLUSION

{28} The judgment of the district court is reversed. This cause is remanded to the district court with instructions to remand this matter to the metropolitan court and direct the metropolitan court to dismiss the complaint with prejudice.

{29} **IT IS SO ORDERED.**

WE CONCUR: IRA ROBINSON and RODERICK T. KENNEDY, Judges.