IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

 Plaintiff-Appellee,

v.                                                          No. 28,884

DARRYL ROANHORSE,

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Corey J. Thompson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals from an order dismissing his appeal in district court and remanding to magistrate court for imposition of the original sentence. We proposed to affirm in a notice of proposed summary disposition and, pursuant to an extension,

Defendant filed a timely memorandum in opposition. Remaining unpersuaded by Defendant's memorandum, we affirm.

Defendant contends that the magistrate court should have dismissed this case because the State failed to bring Defendant to trial in a timely manner. [MIO 2, 4; DS unnumbered page 1] *See* Rule 6-506(B) NMRA (providing that trial of a criminal case shall be commenced within 182 days after arraignment or other specified triggering events). Pursuant to Rule 6-506(B)(5), the State may bring a defendant to trial within the 182-day period commencing once a defendant surrenders to the court for failure to appear. In this case, Defendant claims that he never surrendered to the court for purposes of satisfying Rule 6-506(B)(5). [MIO 4-8] We disagree.

In our notice of proposed summary disposition, we expressed uncertainty as to whether Defendant reserved this issue when he entered a plea in magistrate court. [RP 15; DS 1] *See State v. Hodge*, 118 N.M. 410, 416, 882 P.2d 1, 7 (1994) (stating that a conditional plea is the proper procedure for allowing a defendant to reserve a significant pretrial issue for appeal); *see also* Rule 5-304(A)(2) NMRA. We observed that neither Defendant's conditional plea in magistrate court nor the final judgment and sentence specify any issues reserved for appeal. [RP 3-7, 15] *See Hodge*, 118 N.M. at 416, 882 P.2d at 7 (stating that in order to reserve an adverse pretrial ruling

for appeal, the defendant should enter a conditional plea agreement in writing specifying the issue or issues reserved for appeal). However, since it appeared that Defendant intended to reserve the issue of whether the case should have been dismissed for lack of timely prosecution, we proceeded to address the merits of Defendant's appeal assuming that the specific issue was reserved orally at the time Defendant entered the conditional plea. *See id.* at 417, 882 P.2d at 8 (stating that an appellate court can recognize a conditional plea without written evidence when the record reveals that the defendant has met the requirements for a conditional plea). Neither party has indicated that we were incorrect in this assumption. [MIO 3]

Turning to the merits of Defendant's contention, we apply a de novo standard of review to the lower courts' application of Rule 6-506. [MIO 4] *See State v. Granado*, 2007-NMCA-058, ¶ 11, 141 N.M. 575, 158 P.3d 1018. As discussed more fully in our notice of proposed summary disposition, Defendant was arraigned on counts of aggravated driving while under the influence (second offense), concealing identification, and improper backing on August 1, 2007. [MIO 2-3; RP 42] A pretrial conference was set for August 30, 2007, and Defendant failed to appear. [MIO 3] The magistrate court issued a bench warrant for Defendant's failure to appear. [RP

33; MIO 3] Later that day, Defendant appeared and paid a $100 bench warrant fee, and the magistrate court quashed the warrant. [MIO 3]

A jury trial was set for February 15, 2008, which was within 182 days of August 30, 2007, when Defendant failed to appear at the pretrial conference and paid the $100 bench warrant fee, but not within 182 days of August 1, 2007, when Defendant was arraigned. [MIO 3] *See* Rule 6-506(B). Defendant filed a motion to dismiss for lack of timely prosecution which was denied by the magistrate court, and Defendant entered a conditional plea. [RP 15, 24]

Defendant appealed to the district court which agreed with the State that the payment of the $100 bench warrant fee was a triggering event under Rule 6-506(B)(5) to restart the time for commencement of trial and remanded to the magistrate court for imposition of the original sentence. [RP 72] Defendant appeals.

Defendant argues that payment of the $100 bench warrant fee was not a triggering event under Rule 6-506 for purposes of restarting the 182-day period. [MIO 6] He argues that, since he was never arrested on the bench warrant, his voluntary appearance, payment of the bench warrant fee, and the court's quashing of the warrant do not constitute a "surrender" as that term is used in Rule 6-506(B)(5). [MIO 6-7] We disagree.

4

In our notice of proposed summary disposition, we directed Defendant's attention to this Court's decision in *Granado*. In *Granado*, after the defendant failed to appear in court on the morning of trial, the metropolitan court judge made a note to issue a bench warrant. 2007-NMCA-058, ¶ 4. However, the defendant appeared in court that afternoon and provided an explanation that the trial court accepted as reasonable. *Id.* ¶¶ 4-5. A bench warrant was never issued but, nonetheless, the trial court ordered that the bench warrant be cancelled. *Id.* ¶¶ 5, 9.

This Court held that the defendant was never "arrested" or taken into custody for failure to appear because no bench warrant had been issued for his arrest. *Id.* ¶ 25. We also held that the defendant did not "surrender" to the trial court because no legal arrest warrant was issued directing that the defendant be taken into custody for failure to appear. *Id.* ¶ 26.

In this case, unlike *Granado*, there was a bench warrant for Defendant's arrest issued on August 30, 2007. [RP 33] The bench warrant was only cancelled after Defendant appeared, and he paid the bench warrant fee. In our notice of proposed summary disposition, we proposed to hold that Defendant's appearance after a bench warrant had issued and his payment of the $100 bench warrant fee constituted "surrender" because the appearance and payment were a voluntary submission to the

"legal authority that authorizes or directs [Defendant] to be taken into custody." *Id.* ¶ 26. Therefore, we proposed to hold that, under Rule 6-506, the triggering date was August 30, 2007, the date that Defendant surrendered for failure to appear.

In his memorandum in opposition, Defendant's only substantive challenge to the analysis set forth in our notice of proposed summary disposition is to argue that our interpretation is contrary to the express language of Rule 6-506(B)(5) which requires arrest or surrender pursuant to the issuance of a warrant. [MIO 7] We are unpersuaded given that a warrant was issued in this case and that Defendant appeared and paid the warrant fee. Although Defendant is correct that he appeared voluntarily, that only indicates that Defendant was not arrested; it is insufficient to show that he did not surrender. Moreover, we disagree that our decision leads to random and arbitrary enforcement of the rule. [Id.] If Defendant had appeared before the warrant issued, he could not have been subject to the fee because the warrant would not have had to be quashed. If the warrant had never issued, the provisions of Rule 6-506(B)(5) could not have applied to Defendant, and the time period would have commenced at arraignment. As the warrant did issue and Defendant did pay the $100 fee to have it quashed, the 182-day period ran from August 30, 2007, because that is the day Defendant surrendered.

6

For the foregoing reasons as well as those set forth in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**