This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**VILLAGE OF RUIDOSO,**

    Plaintiff-Appellee,

**v.**                                      **NO. 29,826**

**LOGAN GARRISON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Sandra A. Grisham, District Judge**

Bryant, Schneider-Cook Law Firm
Daniel A. Bryant
Ruidoso, NM

for Appellee

Logan Garrison
Ruidoso, NM

Pro Se Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals the order denying his motion for rehearing. We proposed to affirm in a calendar notice, and Defendant responded to our proposed disposition in a memorandum in opposition. We have duly considered Defendant's arguments, but we are not persuaded that affirmance is not warranted in this case. We therefore affirm.

Defendant was issued a citation for no driver's license, the citation was upheld in the municipal court, and Defendant appealed to the district court. While the case was proceeding, Defendant was issued two more citations. A stipulated order, signed by the parties, was entered by the district court stating that the legal issue with respect to all three citations concerned standing and that legal issue would be decided by the district court. [RP 33]

Defendant submitted an affidavit and was present at a hearing regarding the standing issue. [RP 47; 53] Defendant claimed that the ordinances relied on for issuance of the citations do not apply to him, and stated that he is not a person within the meaning of the law. [RP 58] A few weeks after the hearing was held, Defendant moved for rehearing. The district court denied the motion for rehearing and, in the same order, found that Defendant is a person and the ordinance was constitutional on its face and as applied to Defendant. [RP 68] Defendant requested an interlocutory

order and a hearing on his motion for rehearing. [RP 75; 77] This was denied by the district court, and Defendant filed an appeal with this Court. [RP 82-83]

In response to our calendar notice, Defendant claims that he was denied an opportunity to testify "to the facts" in his affidavit, the officer who issued the citation was not present at the hearing, and the district court's findings that Defendant is a person and the ordinance was constitutional were not based on substantial evidence. As stated in our calendar notice, we review the district court's decision on the motion for rehearing for abuse of discretion. *State v. Donahoo*, 2006-NMCA-147, ¶ 14, 140 N.M. 788, 149 P.3d 104. In addition, there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211.

Defendant submitted an affidavit stating that he is a human being but not a natural person, that he has no driver's license, and that he was traveling, but not for hire or in commerce. [RP 47] The district court accepted the affidavit as true, with the exception of the statement that Defendant is not a natural person. On that point, Defendant was allowed to argue his position at length and was provided an opportunity to submit case law in support of his claim that he is not a natural person.

Because the other statements in the affidavit were accepted as true and because Defendant had ample opportunity to present his case that he is not a natural person, it was not necessary for Defendant to testify about the "facts" included in his affidavit.

An order was stipulated to by the parties that the issue to be decided was the legal question of whether there was standing to issue the citation, and that the district court would decide that legal issue for all three citations issued to Defendant. [RP 33] There is nothing to indicate that it would have been necessary for the district court to gather more factual information from the officer in order to decide the legal issue of standing. In addition, Defendant agreed, through the stipulated order, to have the district court decide the case by deciding the legal issue only. Because of this agreement, Defendant cannot now claim that he was denied a right to confront the officer because the officer was not present at the hearing. *See State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) (explaining that a party cannot complain of prejudice that might have resulted from a situation which he participated in creating).

Defendant claims that the district court had no support for its findings that Defendant is a natural person and that Defendant was "within the purview" of the ordinance. Defendant continues to claim that the ordinance is vague and overbroad,

4

but cites no authority in support of his claims. [MIO 4] At the end of the hearing, the district court granted Defendant more time to submit authority for his claim that he is not a person, but none was submitted. Defendant did not provide any support for his claim that he is not a person or for his claim that the ordinance is unconstitutional. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that appellate court will not consider an issue if no authority is cited in support of the issue).

In addition, there was sufficient evidence before the district court to support the findings, and there was nothing presented to support Defendant's claims. Defendant was issued a citation for failing to have a driver's license while driving on a road in this state. There was no objection to the admission of the ordinance relied on for the citation, the district court took judicial notice of the ordinance, and Defendant's affidavit states that he has no driver's license and has never had a driver's license. The district court found that Defendant is a person, that the ordinance was not unconstitutional, and that the ordinance was constitutional as applied to Defendant. We hold that the district court did not err in making those findings.

For the reasons discussed above and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
MICHAEL D. BUSTAMANTE, Judge

**WE CONCUR:**

_____
LINDA M. VANZI, Judge

_____
TIMOTHY L. GARCIA, Judge

6