This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v. **NO. 28,980**

**DAVID SALAZAR,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellant

David Henderson
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

This case requires us to determine whether there was a violation of Rule 7-506(B) NMRA (the 182-day rule). In order to answer this question, we must evaluate

whether the metropolitan court erred in issuing a bench warrant for Defendant, thereby restarting the 182-day rule upon Defendant's surrender. We hold there was no error in issuing the bench warrant and, consequently, no violation of Rule 7-506(B). We affirm Defendant's conviction.

**BACKGROUND**

Defendant was charged on August 17, 2006, with DWI and driving the wrong way on a roadway. The court scheduled a pretrial hearing for January 19, 2007, almost two months before the 182-day rule was set to run on March 15, 2007. Defense counsel filed a motion for continuance because Defendant had to undergo an unplanned heart catheterization on January 18 and would be unable to attend the January 19th hearing. Defense counsel also stated that he could not get a signed waiver of appearance from Defendant due to Defendant's hospitalization. The State would not agree to the continuance of the pretrial hearing unless Defendant agreed to a thirty-day extension of the 182-day rule.

On the day of the hearing, defense counsel attended and explained that Defendant was still in the hospital. The metropolitan court stated that it would have to issue a bench warrant for Defendant in order to toll the 182-day rule unless defense counsel agreed to an extension of the 182-day rule date. Defense counsel did not agree to the extension, but he instead responded that he did not know why an

2

extension would be necessary because the court could just set the matter for trial. The court proceeded to issue the warrant, stating that it had "to issue the warrant to stop the rule" and that it had "to protect the system and make sure that the cases move." Defense counsel again stated that he wanted to set the case for trial. The court replied, "I can't excuse [Defendant's] presence without [his authorization]. So the only thing I can do is issue a warrant."

A week later, Defendant submitted to the metropolitan court's authority by posting an appearance bond through his counsel. The court set trial on the driving charges for May 9, 2007. At trial, Defendant moved to dismiss based on a violation of Rule 7-506(B). The metropolitan court denied Defendant's motion on the basis that a new 182-day rule date was established when Defendant surrendered to the court on the bench warrant. At the conclusion of the bench trial, the court found Defendant guilty of DWI and driving on the wrong side of a roadway.

Defendant appealed his convictions to the district court, and the district court reversed Defendant's conviction. The district court concluded that the metropolitan court erred in issuing the bench warrant and that because the warrant was invalid, the rule did not reset when Defendant surrendered to the court. Because the rule did not reset, the court concluded that Defendant was not tried within 182 days and reversed his conviction. The State appealed the district court's decision to this Court, arguing

that the district court erred in finding a violation of Rule 7-506(B) because the metropolitan court lawfully exercised its discretion in issuing the bench warrant.

**DISCUSSION**

Under Rule 7-506(B), a trial must commence within 182 days of one of the listed triggering events, whichever occurs latest. The State argues that there was no 182-day rule violation because Defendant's trial started within 182 days of Defendant's surrender for failure to appear at the pretrial hearing. *See* Rule 7-506(B)(5). Defendant argues that the 182-day rule ran because Defendant's surrender was subsequent to a bench warrant that should not have been issued. We review de novo whether Defendant's trial commenced within the time allowed under Rule 7-506(B). *State v. Granado*, 2007-NMCA-058, ¶ 11, 141 N.M. 575, 158 P.3d 1018.

NMSA 1978, Section 31-3-2(A) (1993) states that "[w]henever any person fails to appear at the time and place fixed by the terms of recognizance, the court may issue a warrant for his arrest." Similarly, Rule 7-207(A) NMRA states that if a "person who has been ordered by the metropolitan judge to appear at a certain time and place . . . fails to do the thing so ordered, the court may issue a warrant for the person's arrest." These provisions grant judges discretionary authority to issue bench warrants when someone who was ordered to appear in court does not. *See Granado*, 2007-NMCA-058, ¶ 23.

As part of Defendant's conditions of release following arraignment, Defendant agreed "to appear before the court . . . at such times and places required by this case by any court." Defendant also declared that he understood that additional criminal charges might be filed against him if he violated his conditions of release. In addition, the notice for the January hearing sent to Defendant stated, "FAILURE TO APPEAR AT THE TIME AND DATE SPECIFIED WILL RESULT IN THE ISSUANCE OF A WARRANT FOR YOUR ARREST." In violation of his conditions of release, Defendant failed to appear for the January hearing. Pursuant to Section 31-3-2(A) and Rule 7-207(A), the metropolitan court judge was authorized to issue a bench warrant for Defendant's arrest. *See Granado*, 2007-NMCA-058, ¶ 23. We hold that there was no violation in issuing the warrant for Defendant's failure to appear.

Defendant challenges the metropolitan court's issuance of the bench warrant under several theories. First, he argues that the court based its decision on the need to toll the 182-day rule and that the record does not support the conclusion that the 182-day rule needed to be extended. The issue, however, is not whether the rule needed to be tolled, but whether the court had the authority to issue the warrant once Defendant failed to appear and whether it abused its authority by issuing the warrant. The warrant did not become invalid simply because the metropolitan court may have considered alternative reasons for its issuance. The facts remain that Defendant was

not present at the hearing, he had not signed a waiver of his appearance, and his counsel could not agree to an extension of the 182-day rule without Defendant's authorization, which counsel could not obtain prior to the hearing due to Defendant's medical condition. The 182-day rule was going to run within two months, and it was unclear when Defendant would be able to attend court proceedings. We cannot say the metropolitan court abused its discretion or otherwise erred by considering the effect of the bench warrant on the 182-day rule prior to issuing the warrant. *See id.* ("The rule leaves it to the discretion of the judge whether to issue a bench warrant[.]"); *see also State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm a district court's decision if it is right for any reason so long as it is not unfair to the appellant); *State v. Candelaria*, 2008-NMCA-120, ¶ 14, 144 N.M. 797, 192 P.3d 792 (stating that courts have the inherent authority to control the docket and the proceedings before it).

Defendant further contends that the court should not have issued the bench warrant in "an attempt to circumvent the running of a speedy-trial court rule." Defendant relies on cases involving the state's dismissal and later refiling of criminal complaints to support his argument that the court cannot circumvent the 182-day rule by issuing bench warrants. *See, e.g.*, *State v. Yates*, 2008-NMCA-129, 144 N.M. 859, 192 P.3d 1236, *aff'd sub nom.*, *State v. Savedra*, __-NMSC-__, __ N.M. __, __ P.3d

__ (filed May 12, 2010). Defendant's reliance on these cases is misplaced. In this case, we are not addressing the dismissal and refiling of charges. The court's role in issuing a warrant is not analogous to the state's responsibility to bring a defendant to trial.

Next, Defendant argues that the court abused its discretion in issuing the warrant because his absence was due to a serious medical condition and was not willful. The plain language of the statute and the rule states simply that if a person fails to do what was ordered by the court, the court can issue a bench warrant. Section 31-3-2; Rule 7-207(A); *see State v. Gutierrez*, 2007-NMSC-033, ¶ 30, 142 N.M. 1, 162 P.3d 156 ("The plain language of the statute is the primary indicator of legislative intent, so we look first to the words the Legislature used and their ordinary meaning."). *Compare* Section 31-3-2(A), *and* Rule 7-207(A), *with* NMSA 1978, Section 31-3-9 (1999) (requiring a finding that the defendant "*willfully* fail[ed] to appear" in order to prove guilt for failure to appear (emphasis added)). Under the circumstances, the metropolitan court had the discretion to avoid issuing the bench warrant and could have attempted to proceed within the time left under the 182-day rule. The metropolitan court was under no obligation to do so and had the right to consider all the relevant factors to determine whether it was appropriate to withhold

issuing the warrant for failure to appear. The court did not abuse its discretion in issuing the bench warrant because Defendant did not attend the pretrial hearing.

Defendant also argues an alternative ground for finding a violation of the 182-day rule. He argues that the metropolitan court abused its discretion when it denied his motion to continue and refused to set the case for trial. Although the metropolitan court did not expressly rule on Defendant's motion to continue and request to waive his appearance, it impliedly rejected them when it issued the bench warrant. Again, the court's rulings were discretionary, and Defendant has failed to convince us that the metropolitan court abused its discretion. *See State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (filed 1998) ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citation omitted)). The facts before us do not establish that the court's docket would accommodate a resetting of the hearing and a trial within the short time left under the 182-day rule. *See Candelaria*, 2008-NMCA-120, ¶ 14 ("The authority of the court to control its docket encompasses the power to supervise and control the movement of all cases on its docket[.]" (internal quotation marks and citation omitted)).

We hold that the metropolitan court did not err in issuing the bench warrant or abuse its discretion in refusing to grant a continuance, waive Defendant's appearance, and immediately set the case for trial. As a result, there was no violation of Rule 7-506.

**CONCLUSION**

For the foregoing reasons, we reverse the district court and affirm the metropolitan court. This matter is remanded for such further proceedings as may be necessary consistent with this opinion.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CELIA FOY CASTILLO, Judge**

9