# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date:  December 1, 2014 

**NO.  32,909**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**THADDEUS CARROLL,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith K. Nakamura, District Judge**


Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Stephen J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**OPINION**

**WECHSLER, Judge.**

{1}     Defendant Thaddeus Carroll appeals his conviction for driving under the influence of alcohol (DWI).  Defendant was tried in the Bernalillo County Metropolitan Court and appealed to the district court, which affirmed.  Defendant makes three arguments in favor of reversal:  (1) that his conviction violated Rule 7-506 NMRA, which requires that a defendant be tried within 182 days of the latest of several triggering events; (2) that the metropolitan court improperly admitted the testimony of a prosecution witness; and (3) that the evidence was insufficient to sustain his conviction.

{2}     The crux of Defendant's argument regarding Rule 7-506 is that Defendant did not receive adequate notice of his trial.  Defendant was mailed notice six days prior to the proceeding.  The trial was scheduled for the very last day possible under Rule 7-506, and Defendant did not appear.  Because Defendant missed the court date, the metropolitan court chose to issue a bench warrant for his arrest.  The effect of the warrant was to toll the calendar under Rule 7-506 and, upon Defendant's surrender to the jurisdiction of the court, provide an additional 182 days for trial.  Defendant argues that he did not receive sufficient notice of his trial date, that the warrant was improper, and, therefore, the case should have been dismissed pursuant to Rule 7-506.

We agree with Defendant that the notice provided of his trial date—six days by mail—was not sufficient and, therefore, we reverse and remand with instructions to the district court to dismiss this case with prejudice. We do not reach the other arguments.

**BACKGROUND**

{3} Defendant was arrested on April 12, 2008 for aggravated DWI, first offense, and arraigned on April 14, 2008. The trial setting was continued twice because the State was not ready to proceed—first, because the arresting officer was on vacation and, second, because the officer did not appear at the proceeding. Noting that the State was twice unready to proceed and that the State did not make available witnesses for pre-trial interviews, Defendant moved to dismiss the case at the second setting. The metropolitan court granted the motion and dismissed the case without prejudice. That was on August 21, 2008.

{4} On October 8, 2008, the State re-filed the dismissed complaint against Defendant. The metropolitan court set the trial for October 14, 2008, the last possible date to commence a trial under Rule 7-506. The metropolitan court sent both the notice of the re-filing and the new trial setting to Defendant by mail. These mailings were sent on October 8, 2008, six days prior to the trial date. Although Defendant's attorney was present at the trial, Defendant did not attend the proceeding. Again the

2

State was not ready to proceed because the complaining officer did not appear. In consequence of Defendant's absence, the metropolitan court issued a bench warrant. Two days later, Defendant filed a motion to quash the bench warrant and dismiss the case pursuant to Rule 7-506. Defendant argued that six days notice by mail was insufficient and asserted that he only received the notice on the day of the proceeding. The metropolitan court denied Defendant's motion. Subsequently, Defendant filed a motion requesting that the bench warrant be cancelled or quashed and included an apology for his failure to appear. The metropolitan court granted this motion and cancelled the warrant.

{5} At the trial setting on February 4, 2009, Defendant again argued that the case should be dismissed pursuant to Rule 7-506. Defendant pointed out that ten days notice is required for service of a summons, with three additional days for service by mail. The metropolitan court stated that Rule 7-205 NMRA—"the ten-day stuff"—did not apply to trials. The metropolitan court added that it could "set a trial the very next day [after notice.]" It denied Defendant's renewed motion to dismiss pursuant to Rule 7-506. Defendant was tried and found guilty of DWI, first offense. Defendant appealed to the district court, which affirmed.

3

**STANDARD OF REVIEW**

{6} The application of Rule 7-506 to the facts of this case is a question of law that we review de novo. *State v. Maestas*, 2007-NMCA-155, ¶ 9, 143 N.M. 104, 173 P.3d 26; *see also State v. Donahoo*, 2006-NMCA-147, ¶ 2, 140 N.M. 788, 149 P.3d 104 (reviewing a district court interpretation of a metropolitan court rule de novo).

{7} The bench warrant for Defendant was issued by the metropolitan court pursuant to Rule 7-207(A) NMRA. Rule 7-207(A) provides that a metropolitan court judge may issue a bench warrant when a person fails to appear at the time and place specified by the court. By the statutory term used for the grant of authority—"may"—the choice to issue a bench warrant is an exercise of discretion on the part of the issuing judge. As such, we review for an abuse of discretion.

**RULE 7-506**

{8} Under Rule 7-506(B) and its sister rules for the municipal and magistrate courts—each frequently referred to as the six-month rule—the trial of a criminal defendant must commence within 182 days of the latest of several triggering events. *See also* Rule 8-506(B) NMRA (stating that the trial of a criminal defendant in municipal court must commence within 182 days of the latest of several triggering events); Rule 6-506(B) NMRA (same for magistrate court). Among the triggering events are arraignment and the surrender of a defendant after a failure to appear. Rule

4

7-506(B)(1) (arraignment); Rule 7-506(B)(5) (surrender in New Mexico); Rule 7-506(B)(6) (surrender in another state). The disposition of this case depends on whether Defendant's triggering event was his arraignment or his surrender to the court in response to the bench warrant. Whether arraignment or surrender was the triggering event pivots on whether the warrant was within the discretion of the metropolitan court.

{9} Defendant contends that the metropolitan court abused its discretion when it issued a bench warrant on October 14, 2008 for failure to appear when Defendant was sent notice by mail only six days before the proceeding. Defendant points to two rules. Under Rule 7-104 NMRA, the general rule for notice of a hearing on a motion is five days with three extra days for service by mail. Under Rule 7-205, a summons to appear requires at least ten days notice with three additional days for service by mail. Defendant, arguing by analogy, contends that six days notice by mail of his trial date was inadequate because a hearing on a motion requires eight days notice by mail under our rules and a summons to appear requires thirteen days.

{10} The State contends that the amount of notice is not relevant. The State argues that, by the plain language of Rule 7-207(A), the metropolitan court can issue a warrant if a person fails to appear at the time and place ordered by the court and, because Defendant did not appear on October 14, 2008 as ordered, the bench warrant

was not improper. According to the State, upon the surrender of Defendant to the court, the 182-day countdown to commence trial under Rule 7-506 began anew.[1]

{11} We do not agree with the State that the amount of notice given to a defendant to appear at a trial is irrelevant to whether a bench warrant for failure to appear is justified. The flaw in the State's position is highlighted by the statement of the metropolitan court that it could schedule a trial for the very day after notice was sent. Under the reasoning of the State, a defendant could be sent notice by mail to appear the next day and issued a warrant for failure to appear before the defendant even received notice of the proceeding. An order to appear that, by design, defies compliance cannot be the basis of a legitimate warrant. This is especially true when, as here, the warrant for failure to appear is used as a lever to re-start the countdown to begin a trial under a rule intended to guarantee a defendant's right to a speedy trial.

{12} Having determined that notice is a relevant consideration in this case, we turn to the question of whether the six-day notice by mail received by Defendant was sufficient. The State has offered no reason why Defendant should be offered less notice for his trial than the eight days by mail that would generally be required for a

---

[1] Implicit in the State's reasoning is the idea that the calendar was tolled under Rule 7-506 from the time the metropolitan court issued the bench warrant until Defendant surrendered to the court because he was a fugitive from justice from the time he did not appear. Otherwise, the 182-day period in which to commence trial would have expired after October 14, 2008.

6

hearing on a motion, and we can think of none. *See* Rule 7-104(C), (D) (stating that notice of a motion hearing is not less than five days, generally, with three extra days for service by mail). Furthermore, because this case was re-filed after being dismissed, the notice sent to Defendant of his trial date is akin to a summons. *See Black's Law Dictionary* 1436 (6th ed. 1990) (recognizing that a summons to a criminal defendant commences the state's action and directs the individual to appear in court to answer the charge). A summons served by mail must be sent a minimum of thirteen days prior to the required appearance of a defendant. Rule 7-205(D). The notice provided to Defendant of his re-filed case and impending trial date—six days by mail—was not adequate. Because the notice offered to Defendant by the metropolitan court was not sufficient, the bench warrant for failure to appear was not within the discretion of the metropolitan court. Accordingly, after October 14, 2008, the time for the State to commence a trial expired under Rule 7-506(B).

{13} Before concluding, we pause to observe the larger picture in this case. The facts cast a pall over the State's position. The State was never ready to try this case within the initial 182 days allowed under Rule 7-506(B), including on October 14, 2008, after the State re-filed the case just six days prior. At the trial setting on August 21, 2008, shortly after Defendant's motion to dismiss was granted, the State announced that it anticipated re-filing, yet chose not to re-file until October 8, 2008,

7

a delay of about six weeks. When the State finally tried the case, about ten months after arraignment, it did so without the arresting officer whose absence ostensibly caused the delays in the first place. It is the burden of the State to bring a defendant to trial within the 182-day requirement. *State v. Granado*, 2007-NMCA-058, ¶ 14, 141 N.M. 575, 158 P.3d 1018. One purpose of the rule is to "effectuate a criminal defendant's right to a speedy trial." *State v. Savedra*, 2010-NMSC-025, ¶ 5, 148 N.M. 301, 236 P.3d 20. Although analytically distinct, the six-month rule is rooted in the right to a speedy trial articulated in the Sixth Amendment of the United States Constitution and Article II, Section 14 of the New Mexico Constitution. *Cf. State v. Garza*, 2009-NMSC-038, ¶ 43, 146 N.M. 499, 212 P.3d 387 (stating that one of the versions of our six-month rule was "implemented . . . in response to *Barker* [*v. Wingo*, 407 U.S. 514 (1972),]" in which the United States Supreme Court laid out the test for evaluating a potential speedy trial violation under the Sixth Amendment). In metropolitan court, if the State is unable to commence trial within 182 days, it can petition the court for extensions of time for up to thirty days total under Rule 7-506(C)(5). *See* Rule 7-506(C)(5) (allowing the court to grant extensions under "exceptional circumstances"). But to re-file a dismissed case just prior to the expiration of the 182-day period with the hope or intention of gaining an additional 182 days does not comport with the spirit of the rule. *See Savedra*, 2010-NMSC-025,

¶ 5 (holding that strategic re-filing in district court "violate[d] the spirit of the six-month rule" (internal quotation marks and citation omitted)).

**CONCLUSION**

{14}     For the foregoing reasons, we reverse the judgment of the district court.  We remand with orders to vacate the conviction of Defendant and dismiss this case with prejudice pursuant to Rule 7-506(E)(2).

{15}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**